**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Northern District of Alabama
(State)

Case number (if known): _____    Chapter ___11___

☐ Check if this is an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

**04/16**

If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | **Debtor's Name** | Mission Coal Company, LLC |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | N/A |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number (EIN)** | 82-3778465 |

**4. Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 7 Sheridan Square, Suite 300 | |
| Number        Street | Number        Street |
| | P.O. Box |
| Kingsport, Tennessee 37660 | |
| City                State    Zip Code | City                State    Zip Code |
| | **Location of principal assets, if different from principal place of business** |
| Sullivan County | |
| County | Number        Street |
| | City                State    Zip Code |

| | | |
|---|---|---|
| 5. | **Debtor's website (URL)** | N/A |

| | | |
|---|---|---|
| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
| | | ☐ Partnership (excluding LLP) |
| | | ☐ Other. Specify: _____ |

Case 18-04177-TOM11    Doc 1    Filed 10/14/18    Entered 10/14/18 21:19:28    Desc Main
Document      Page 1 of 33

**7. Describe debtor's business**

A. *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

**2121 (Coal Mining)**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes.  District _____  When _____  Case number _____
                                      MM/DD/YYYY

         District _____  When _____  Case number _____
                                      MM/DD/YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☒ Yes.  Debtor  **See Rider 1**    Relationship  **Affiliate**

         District  **Northern District of Alabama**    When  **10/14/2018**
                                                              MM / DD / YYYY

         Case number, if known  _____

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

     What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**

|  |  |
|---|---|
| Number | Street |

| | | |
|---|---|---|
| City | State | Zip Code |

**Is the property insured?**

☐ No

☐ Yes.   Insurance agency _____

         Contact name _____

         Phone _____

---

## Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

| | | | |
|---|---|---|---|
| ☒ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**15. Estimated assets**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☒ $100,000,001-$500 million | ☐ More than $50 billion |

| Debtor | Mission Coal Company, LLC | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

**16. Estimated liabilities**

| | | | | | |
|---|---|---|---|---|---|
| ☐ | $0-$50,000 | ☐ | $1,000,001-$10 million | ☐ | $500,000,001-$1 billion |
| ☐ | $50,001-$100,000 | ☐ | $10,000,001-$50 million | ☐ | $1,000,000,001-$10 billion |
| ☐ | $100,001-$500,000 | ☐ | $50,000,001-$100 million | ☐ | $10,000,000,001-$50 billion |
| ☐ | $500,001-$1 million | ☒ | $100,000,001-$500 million | ☐ | More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on     **10/14/2018**
MM/ DD / YYYY

✗   **/s/ Kevin Nystrom**             **Kevin Nystrom**
Signature of authorized representative of debtor        Printed name

Title   **Authorized Signatory**

**18. Signature of attorney**

✗   **/s/ Daniel D. Sparks**        Date   **10/14/2018**
Signature of attorney for debtor                MM/ DD/YYYY

**Daniel D. Sparks**
Printed name

**Christian & Small LLP**
Firm name

**505 North 20th Street, Suite 1800**
Number           Street

| **Birmingham** | | **Alabama** | **35203-2696** |
|---|---|---|---|
| City | | State | ZIP Code |

| **(205) 795-6588** | | **ddsparks@csattorneys.com** | |
|---|---|---|---|
| Contact phone | | Email address | |

| **ASB-8526-S79D** | | **Alabama** | |
|---|---|---|---|
| Bar number | | State | |

Official Form 201        Voluntary Petition for Non-Individuals Filing for Bankruptcy        page 4

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

            Northern District of Alabama
(State)

Case number *(if known):* _____    Chapter   11

☐ Check if this is an amended filing

## <u>Rider 1</u>
## <u>Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor</u>

On the date hereof, each of the entities listed below (collectively, the "<u>Debtors</u>") filed a petition in the United States Bankruptcy Court for the Northern District of Alabama for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Mission Coal Company, LLC.

- Mission Coal Company, LLC
- Beard Pinnacle, LLC
- Oak Grove Land Company, LLC
- Oak Grove Resources, LLC
- Pinnacle Land Company, LLC
- Pinnacle Mining Company, LLC
- Seminole Alabama Mining Complex, LLC
- Seminole Coal Resources, LLC
- Seminole West Virginia Mining Complex, LLC
- Seneca Coal Resources, LLC
- Seneca North American Coal, LLC

| Debtor name | Mission Coal Company, LLC, et al. |
|---|---|

**UNITED STATES BANKRUPTCY COURT NORTHERN DISTRICT OF ALABAMA**

Case No. (If known) _____

Official Form 204

## Chapter 11 or Chapter 9 Cases:  List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 50 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case.  Include claims which the debtor disputes.  Do not include claims by any person who is an *insider*, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 50 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code. | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | **Total Claim, if partially secured** | **Deduction for value of collateral or setoff** | **Unsecured claim** |
| 1   Trustees of the UMWA Pension & Benefit P.O. Box 19175A Newark, NJ 07195 | | Union | | | | $9,730,167.12 |
| 2   Michael H. Hollard et al. c/o Ogletree Deakins Attn: John Woodrum 1909 K St. NW Washington, DC 20006 | | Litigation | | | | $4,900,000.00 |
| 3   Bluestone Coal Corporation, and Double-Bonus Mining Company c/o Hendrickson & Long, Pllc P.O. Box 11070 Charleston, WV 25339 | | Litigation | | | | $4,000,000.00 |
| 4   Natural Resource Partners 654 Main St Rockwood, PA 15557 | | Trade | | | | $3,198,387.79 |

Case 18-04177-TOM11    Doc 1    Filed 10/14/18    Entered 10/14/18 21:19:28    Desc Main
Document      Page 6 of 33

| Debtor name | Mission Coal Company, LLC, et al. | | | Case No. (If known) | |
|---|---|---|---|---|---|

## (Continuation Sheet)

| Name of creditor and complete mailing address, including zip code. | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 5  Carter Machinery Co Inc Attn: Henry Looney P.O. Box 743849 Atlanta, GA 30374-3849 | Henry Looney Tel: 304-683-5932 | Trade | | | | $2,122,561.12 |
| 6  Alabama Power Company Remittance Processing Center P.O. Box 242 Birmingham, AL 35292 | Tel: 205-257-1000 | Trade | | | | $1,953,726.97 |
| 7  United Central Industrial Supply Us Dept of Labor Msha P.O. Box 790390 St Louis, MO 63179 | Tel: 202-693-9400 | Trade | | | | $1,868,867.80 |
| 8  Rockwood Casualty Insurance Company Rt 10 North P.O. Box 819 Pineville, WV 24874 | Tel: 304-732-8646 | Trade | | | | $1,652,263.00 |
| 9  Sheriff of Wyoming County P.O. Box 529 Pineville, WV 24874 | | Government | | | | $1,469,807.48 |
| 10 Joann Waid et al. Attn: Astrika Adams ERP Compliant Fuels LLC P.O. Box 305 Madison, WV 25130 | Astrika Adams Email: Astrika.Adams@Clarkeinvestments.Com | Litigation | | | | $1,200,000.00 |
| 11 Us Dept of Treasury P.O. Box 24415 Canton, OH 44701-4415 | Tel: 888-710-4237 | Government | | | | $1,187,777.58 |

| Debtor name | Mission Coal Company, LLC, et al. | | | Case No. (If known) | |
|---|---|---|---|---|---|

## (Continuation Sheet)

| Name of creditor and complete mailing address, including zip code. | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 12  White & Case LLP 1221 Ave of the Americas New York, NY 10020 | | Professional Services | | | | $1,010,736.12 |
| 13  Jimmy Baker V. Oak Grove Resources Matter c/o Richard L. Wyatt, Attorney 2010 Lancaster Rd Birmingham, AL 35209 | | Litigation | | | | $1,000,000.00 |
| 14  Webster, et al. c/o Heninger, Garrison, Davis, LLC Attn: Jeff Leonard 2224 1St Ave N. Birmingham, AL 35203 | | Litigation | | | | $1,000,000.00 |
| 15  Anthem Blue Cross and Blue Shield 1717 Arch St, Suite 4010 Philadelphia, PA 19103 | | Trade | | | | $838,027.31 |
| 16  Appalachian Power 367 George St Beckley, WV 25801 | Tel: 304-255-0537 | Trade | | | | $737,357.80 |
| 17  Surratt, et al. c/o the Masters Law Firm Attn: Roger Decanio 181 Summers St Charleston, WV 25301 | | Litigation | | | | $585,000.00 |

Case 18-04177-TOM11   Doc 1   Filed 10/14/18   Entered 10/14/18 21:19:28   Desc Main
Document      Page 8 of 33

| Debtor name | Mission Coal Company, LLC, et al. | | Case No. (If known) | |
|---|---|---|---|---|

## (Continuation Sheet)

| Name of creditor and complete mailing address, including zip code. | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 18 Phillips Machine Service<br>400 White Oaks Blvd<br>Bridgeport, WV 26330 | Tel: 304-933-8000 | Trade | | | | $565,630.16 |
| 19 Steptoe & Johnson Pllc<br>100 Main & River Sts<br>P.O. Box 308<br>Kenova, WV 25507 | | Professional Services | | | | $562,915.98 |
| 20 Birmingham Terminal Railway LLC<br>Attn: Jay Benedict<br>P.O. Box 790343<br>St Louis, MO 63179-0343 | Tel: 620-231-2230 | Trade | | | | $549,431.46 |
| 21 Grover Dunn Assistant Tax Collector<br>P.O. Box 1190<br>Bessemer, AL 35021-1190 | | Trade | | | | $512,794.46 |
| 22 Jennchem LLC<br>Attn: Kenny Church<br>P.O. Box 1840<br>Pineville, WV 24874 | Kenny Church<br>Tel: 304-294-8153 | Trade | | | | $462,462.29 |
| 23 Smith Manus<br>P.O. Box 2446<br>Mt Lake Park, MD 21550 | | Trade | | | | $442,533.00 |
| 24 Rickie Johnson Matter<br>c/o Hamilton, Burgess, Young & Pollard Pllc<br>Attn: Kevin Burgess<br>P.O. Box 959<br>Fayetteville, WV 25840 | | Litigation | | | | $425,000.00 |

Case 18-04177-TOM11   Doc 1   Filed 10/14/18   Entered 10/14/18 21:19:28   Desc Main
Document     Page 9 of 33

| Debtor name | Mission Coal Company, LLC, et al. | | Case No. (If known) | |
|---|---|---|---|---|

## (Continuation Sheet)

| Name of creditor and complete mailing address, including zip code. | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 25 White Armature Works Inc<br>7258 Cool Springs Blvd, Suite 600<br>Franklin, TN 37067 | | Trade | | | | $413,450.04 |
| 26 Custom Engineering Inc<br>5260 Irwin Rd<br>Huntington, WV 25705 | Tel: 304-522-5757 | Trade | | | | $361,630.82 |
| 27 GMS Mine Repair & Maintenance<br>656 Hall St<br>P.O. Box 320<br>Clay, KY 42404 | Tel: 270-664-6207 | Trade | | | | $359,966.44 |
| 28 GATX Rail<br>Attn: Jay Leadingham<br>222 West Adams St<br>Chicago, IL 60606 | Jay Leadingham<br>Tel: 312-621-6470 | Trade | | | | $358,638.60 |
| 29 Quality Magnetite LLC<br>Attn: Anthony Hruska<br>P.O. Box 603800<br>Charlotte, NC 28260-3800 | Anthony Hruska<br>Tel: 412-963-9071 | Trade | | | | $321,786.64 |
| 30 Cowin Equipment Company Inc<br>Attn: Scott Dyer<br>P.O. Box 671413<br>Dallas, TX 75267-1413 | Scott Dyer<br>Tel: 304-453-2222 | Trade | | | | $315,771.53 |
| 31 Ken & Coy Rock Inc<br>Attn: Chris Walls<br>State Route 10<br>Mallory, WV 25634 | Chris Walls<br>Tel: 304-583-9681 | Trade | | | | $295,904.00 |

| Debtor name | **Mission Coal Company, LLC, et al.** | | Case No. (If known) | |
|---|---|---|---|---|

**(Continuation Sheet)**

| Name of creditor and complete mailing address, including zip code. | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|
| | | | | If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 32 Metlife<br>P.O. Box 603800<br>Charlotte, NC 28260-3800 | | Trade | | | | $289,709.52 |
| 33 Power Technologies<br>P.O. Box 809021<br>Chicago, IL 60680 | Tel: 770-321-2500 | Trade | | | | $289,126.51 |
| 34 Bradley Arant Boult Cummings LLP<br>P.O. Box 241<br>Petersburg, IN 47567 | Tel: 812-354-8156 | Trade | | | | $261,207.55 |
| 35 Coal Specialty Funding, LLC<br>Dept Ch 10579<br>Palatine, IL 60055-0579 | | Trade | | | | $258,864.38 |
| 36 CRA International Inc DBA Charles River<br>2094 B F Buchanan Hwy<br>Tazewell, VA 24651 | | Trade | | | | $254,624.87 |
| 37 Cowin & Company Inc<br>11 Lloyd Ave, Suite 200<br>Latrobe, PA 15650 | | Trade | | | | $249,383.42 |
| 38 Tazewell Mining Supply & Equipment Inc<br>200 Clarendon St<br>Boston, MA 02116 | | Trade | | | | $234,237.00 |

Case 18-04177-TOM11    Doc 1    Filed 10/14/18    Entered 10/14/18 21:19:28    Desc Main
Document      Page 11 of 33

| Debtor name | Mission Coal Company, LLC, et al. | | Case No. (If known) | |
|---|---|---|---|---|

## (Continuation Sheet)

| Name of creditor and complete mailing address, including zip code. | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 39 Berwind Land Company P.O. Box 79017 Baltimore, MD 21279-0017 | Tel: 304-346-0569 | Trade | | | | $229,173.71 |
| 40 Advantage Technology LLC 950 Kanawha Blvd E Charleston, WV 25301 | | Trade | | | | $213,321.60 |
| 41 Blizzard Industrial Supply Co Mining Engineering & Contr 301 Industrial Dr Birmingham, AL 35211 | Tel: 205-945-1300 | Trade | | | | $208,313.07 |
| 42 Joy Global Underground Mining LLC 4365 Appalachian Hwy Pineville, WV 24874 | Tel: 205-521-8000 | Trade | | | | $197,809.87 |
| 43 AAA Mine Service Underground Inc 18 Mountain View Dr Hazard, KY 41701 | | Trade | | | | $197,089.92 |
| 44 Joy Global Conveyors Inc Attn: Brian Peach 400 High St, P.O. Box 2187 Huntington, WV 25722 | Brian Peach Tel: 304-525-7811 | Trade | | | | $184,265.95 |
| 45 Pense Bros Drilling P.O. Box 72 Mount Hope, WV 25880 | Tel: 800-525-7923 | Trade | | | | $179,180.50 |

**(Continuation Sheet)**

| Name of creditor and complete mailing address, including zip code. | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 46 Martin And Associates Attn: Richard Brennan P.O. Box 10624 Birmingham, AL 35202 | Richard Brennan Tel: 205-488-3961 | Trade | | | | $178,564.89 |
| 47 Thompson Tractor & Equip Co 2401 Pinson Hwy Birmingham, AL 35217 | Tel: 800-547-0760 | Trade | | | | $172,225.81 |
| 48 Cliffs Natural Resources Inc c/o Young Conaway Stargatt & Taylor, LLP Rodney Square 1000 North King St Wilmington, DE 19801 | | Litigation | Unliquidated | | | |
| 49 Linda Weekly, et al. Attn: Astrika Adams ERP Compliant Fuels LLC P.O. Box 305 Madison, WV 25130 | Astrika Adams Email: Astrika.Adams@Clarkeinvestments.Com | Litigation | Unliquidated | | | |
| 50 Alison Shepherd As Surviving Spouse, Mother, Next Friend To Minor Children c/o Church Brogden P.C. Attn: Billy L. Church 2101 1st Ave North Pell City, AL 52125 | | Litigation | Unliquidated | | | |

**MINUTES OF THE MEMBERS MEETING FOR**
**MISSION COAL COMPANY, LLC**
**SENECA COAL RESOURCES, LLC**
**SEMINOLE COAL RESOURCES, LLC**
**SENECA NORTH AMERICAN COAL, LLC**
**PINNACLE LAND COMPANY, LLC**
**PINNACLE MINING COMPANY, LLC**
**OAK GROVE LAND COMPANY, LLC**
**SEMINOLE WEST VIRGINIA MINING COMPLEX, LLC AND**
**SEMINOLE ALABAMA MINING COMPLEX, LLC**


A joint meeting of the Members of each of Mission Coal Company, LLC ("Mission"), Seneca Coal Resources, LLC ("Seneca"), Seminole Coal Resources, LLC ("Seminole"), Seneca North American Coal, LLC ("Seneca North American"), Pinnacle Land Company, LLC ("Pinnacle"), Pinnacle Mining Company, LLC ("Pinnacle Mining"), Oak Grove Land Company, LLC ("Oak Grove"), Seminole West Virginia Mining Complex, LLC ("Seminole WV") and Seminole Alabama Mining Complex, LLC ("Seminole AL") was held beginning at 3:00 P.M., Eastern Daylight Savings Time, on Sunday, October 14, 2018, by telephone conference call. Mission, Seneca, Seminole, Seneca North American, Pinnacle, Pinnacle Mining, Oak Grove, Seminole WV and Seminole AL are hereinafter collectively referred to as the "Companies" or individually as a "Company" and the Members or Member, as applicable, of Mission, Seneca, Seminole, Pinnacle, Oak Grove, Seminole WV and Seminole AL are hereinafter collectively referred to as the "Members" or individually as the "Mission Members," the "Seneca Members," the "Seminole Member," the "Seneca North American Member," the "Pinnacle Member," the "Pinnacle Mining Member," the "Oak Grove Member," the "Seminole WV Member" or the "Seminole AL Member," respectively.

The following Members of Mission were present and participating at the meeting:

Iron Management II, LLC, represented by Ken McCoy
Iron Management III, LLC, represented by Ken McCoy
ENCECo, Inc., represented by Charles Ebetino
Robert A. McAtee
Mark A. Bartkoski
Michael P. Zervos

The following Members of Seneca were present and participating at the meeting:

Mission Coal Company, LLC, represented by Michael P. Zervos
Jason McCoy
Ken McCoy

The following Member of Seminole was present and participating at the meeting:

Mission Coal Company, LLC, represented by Michael P. Zervos

The following Member of each of Pinnacle, Pinnacle Mining and Oak Grove was present and participating at the meeting:

Seneca North American Coal, LLC, represented by Ken McCoy

The following Member of Seminole WV and Seminole AL was present and participating at the meeting:

Seminole Coal Resources, LLC, represented by Michael P. Zervos

The following Member of Seneca North American was present and participating at the meeting:

Seneca Coal Resources, LLC, represented by Ken McCoy

The following persons were present and participating at the meeting at the invitation of the Members:

| Name | Title |
| --- | --- |
| Gary M. Broadbent | General Counsel, Vice President of Human Resources, and Secretary Mission |
| Stephen E. Hessler | Kirkland & Ellis LLP |
| Brad Weiland | Kirkland & Ellis LLP |
| Leon Szlezinger | Jefferies LLC |
| Kevin Nystrom | Zolfo Cooper Management Company, LLC |

Gary M. Broadbent, General Counsel, Vice President of Human Resources, and Secretary at Mission, acted as Recording Secretary at the meeting.

Opening Remarks

Secretary Broadbent welcomed the Members and called the meeting to order. Secretary Broadbent indicated the meeting was called to make a decision as to Chapter 11 filings and other matters.

Chapter 11 Filings

Mr. Hessler provided an overview of the benefits and challenges associated with a Chapter 11 filing and the filings, agreements, appointments and retention of professionals associated with the process. Mr. Hessler opened up the matter for discussion amongst the Members and discussion ensued.

After considerable discussion, upon motion duly made by and seconded by Mr. McCoy, the Members unanimously approved the following resolutions:

2

## CHAPTER 11 FILING

RESOLVED, that in the judgment of the Members, it is desirable and in the best interests of each Company, its creditors, and other parties in interest, that each Company shall be and hereby is authorized to file or cause to be filed a voluntary petition for relief (such voluntary petition, and the voluntary petitions to be filed by certain of each Company's affiliates, collectively, the "Chapter 11 Cases") under the provisions of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") or other court of competent jurisdiction.

RESOLVED, that the Chief Executive Officer, Chief Restructuring Officer, General Counsel, Secretary, any Vice President, or any other duly appointed officer of each Company (collectively, the "Authorized Officers"), acting alone or with one or more other Authorized Officers be, and each of them hereby is, authorized, empowered, and directed to execute and file on behalf of the applicable Company all petitions, schedules, lists, and other motions, pleadings, papers, or documents (including the filing of financing statements), and to take any and all action that they deem necessary, appropriate, or desirable to obtain such relief, including, without limitation, any action necessary, appropriate, or desirable to maintain the ordinary course operation of such Company's business.

## APPOINTMENT OF CHIEF RESTRUCTURING OFFICER

RESOLVED, that in accordance with the organizational documents of each Company, the applicable Members hereby approve the creation of the office of Chief Restructuring Officer at such Company.

RESOLVED, that Mr. Kevin Nystrom is appointed to the office of Chief Restructuring Officer of each Company, to hold such office until the earlier of his resignation or removal.

RESOLVED, that the Chief Restructuring Officer of each Company shall report to the Chief Executive Officer of such Company.

RESOLVED, that the Chief Restructuring Officer shall have the duties and responsibilities and shall provide the services as outlined in an engagement letter, and the Chief Restructuring Officer shall be further authorized to make decisions with respect to certain aspects of the management and operation of each Company's businesses in relation to each Company's restructuring initiatives as determined by the applicable Chief Executive Officer or the applicable boards of managers from time to time.

## RETENTION OF PROFESSIONALS

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized, empowered and directed to employ the law firm of Kirkland & Ellis LLP, as each Company's co-counsel, to represent and assist each Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance each Company's rights and remedies, including filing any pleadings and conducting any potential sale process on behalf of the applicable Company; and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized, empowered and directed to execute appropriate retention agreements, pay appropriate

3

retainers, and to cause to be filed an appropriate application for authority to retain Kirkland & Ellis LLP in accordance with applicable law.

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized, empowered and directed to employ the law firm of Christian & Small LLP, as each Company's co-counsel, to represent and assist each Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance each Company's rights and remedies, including filing any pleadings and conducting any potential sale process on behalf of the applicable Company; and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Christian & Small LLP in accordance with applicable law.

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized, empowered and directed to employ the firm of Jefferies LLC, as each Company's investment banker, to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and remedies; and, in connection therewith, each of the Authorized Officers is, with power of delegation, hereby authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Jefferies LLC in accordance with applicable law.

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized, empowered and directed to employ the firm of Zolfo Cooper LLC, as financial advisor, to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and remedies; and, in connection therewith, each of the Authorized Officers is, with power of delegation, hereby authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Zolfo Cooper LLC in accordance with applicable law.

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized, empowered and directed to employ the firm of Omni Management Group, as notice, claims, and balloting agent and as administrative advisor to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and remedies; and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Omni Management Group in accordance with applicable law.

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized, empowered and directed to employ any other professionals to assist each Company in carrying out its duties under the Bankruptcy Code; and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary, appropriate,

or desirable, including (without limitation) special counsel to the extent determined necessary, appropriate, or desirable.

RESOLVED, that each of the Authorized Officers be, and hereby is, with power of delegation, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain legal counsel, accountants, financial advisors, restructuring advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Officers deem necessary, appropriate, or desirable in connection with each Company's Chapter 11 Case.

## DEBTOR-IN-POSSESSION FINANCING, CASH COLLATERAL, AND ADEQUATE PROTECTION[1]

RESOLVED, that in the judgment of the Members of each Company, each Company will receive benefits from the DIP Agreement (as defined below) and the Loans contemplated thereunder, and it is desirable and in the best interest of each Company that the form, terms and provisions of that certain (i) Senior Secured Superpriority Debtor-in-Possession Credit Agreement, to be dated on or about the date hereof, together with any and all exhibits, schedules and annexes thereto (the "DIP Agreement"), among by and among Mission, as a debtor and debtor in possession under Chapter 11 of the Bankruptcy Code (the "Borrower"), each of the other Loan Parties party thereto, each as a debtor and debtor in possession under Chapter 11 of the Bankruptcy Code, each Lender from time to time party thereto and Wilmington Savings Fund Society, FSB, as Administrative Agent, and (ii) the Loan Documents to which any or all of the Companies are a party, and all other documents, agreements, instruments or certificates, intellectual property security agreements, joinders, and consents to be executed, delivered or filed by each Company in connection therewith, and the transactions contemplated by the DIP Agreement and the other Loan Documents (in each case including, without limitation, the borrowings and other extensions of credit thereunder, the issuance of any letter of credit thereunder, and the guaranties, liabilities, obligations, security interest granted and notes issued, if any, in connection therewith) be, and hereby are, authorized, adopted and approved.

RESOLVED, that the Members of each Company have determined that it is necessary and in the best interest of the applicable Company's business and affairs, for such Company to execute, deliver and perform the DIP Agreement and the other Loan Documents under the DIP Agreement to which it is a party, to perform such Company's obligations thereunder and to consummate the transactions contemplated thereby, including, without limitation, any borrowings, the performance of any guarantees and the granting of any security interests and liens, and such Company's execution and delivery of, and the incurrence and performance of its obligations in connection with the DIP Agreement, including without limitation, the guarantee of the Obligations thereunder, and any other Loan Document to which it is a party, and the consummation of the transactions contemplated thereby or entered into in connection with the Loan Documents, including, without

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the DIP Agreement (as defined herein).

5

limitation, any Borrowing by any Company under the Loan Documents, are hereby, in all respects, authorized and approved.

RESOLVED, that each Company and each of its Authorized Officers are authorized, empowered and directed, in the name and on behalf of such Company, to grant security interests in, pledge, assign, transfer, mortgage, convey and/or deliver, as security for obligations under the Loan Documents, any assets now or hereafter held or belonging to such Company, and the grants of security interest by such Company and Liens in all of such Company's assets and property constituting Collateral as collateral security for the payment of the Obligations, advances, debts or liabilities of the Companies, the pledges of collateral (including, without limitation, pledges of equity and real and personal property as collateral), the assignments, transfers, conveyances and mortgages of assets, the Uniform Commercial Code (the "UCC") financing statements, and the guarantees of each Company, under and in connection with the Loan Documents, be and they hereby are, authorized, adopted and approved.

RESOLVED, that each of the Authorized Officers of each Company is hereby authorized and directed to negotiate the terms of and to execute, deliver and perform the Loan Documents to which such Company is a party and any and all other documents, certificates, instruments, notes, mortgages, deeds of trust, intellectual property security agreements, joinders, consents, guarantees or agreements relating to or in connection with the transactions contemplated thereby in the name and on behalf of such Company, in the form approved, with such changes therein and modifications and amendments thereto as any of the Authorized Officers may in his or her sole discretion approve on behalf of such Company, which approval shall be conclusively evidenced by his or her execution thereof (such execution by any of the Authorized Officers is hereby authorized to be by original hardcopy, facsimile or similar instantaneous electronic transmission device).

RESOLVED, that each Company will obtain benefits from the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral"), which is security for certain prepetition secured lenders (collectively, the "Secured Lenders") party to:

a) that certain Credit Agreement dated as of January 31, 2018, among Mission (the "Prepetition First Lien Borrower"), the guarantor parties thereto, Delaware Trust Company, as administrative agent (the "Administrative Agent"), and each lender party from time to time thereto (as amended, restated, amended and restated, supplemented, or otherwise modified from time to time, the "Prepetition First Lien Agreement"); and

b) that certain Amended and Restated Secured Loan Agreement dated as of January 1, 2018, among Mission, Seneca and Seminole, each as Borrower (the "Prepetition Second Lien Borrowers"), and Mission Coal Funding, LLC (the "Second Lien Lender"), (as amended, restated, amended and restated, supplemented, or otherwise modified from time to time, the "Prepetition Second Lien Agreement").

RESOLVED, that, in order to use and obtain the benefits of the Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, each Company will provide certain adequate

6

protection to the Secured Lenders (the "Adequate Protection Obligations"), as documented in a proposed interim DIP order (the "Interim DIP Order") substantially in the form presented to the Members on or in advance of the date hereof, with such changes, additions, and modifications thereto as any Authorized Officer executing the same shall approve, such approval to be conclusively evidenced by an Authorized Officer's execution and delivery thereof, to be submitted for approval to the Bankruptcy Court.

RESOLVED, that the form, terms, and provisions of the Interim DIP Order to which each Company is or will be subject, and the actions and transactions contemplated thereby be, and hereby are authorized, adopted, and approved, and each Authorized Officer be, and hereby is, authorized and empowered, in the name of and on behalf of the applicable Company, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, the Interim DIP Order, and such other agreements, certificates, instruments, receipts, petitions, motions, or other papers or documents to which such Company is or will be a party, including, but not limited to any security and pledge agreement or guaranty agreement (collectively with the Interim DIP Order, the "DIP Documents"), incur and pay or cause to be paid all fees and expenses and engage such persons, in connection with the foregoing resolutions, in accordance with the DIP Documents, and in each case, in the form or substantially in the form thereof presented to the respective Members of each Company on or in advance of the date hereof, with such changes, additions, and modifications thereto as an Authorized Officer executing the same shall approve, such approval to be conclusively evidenced by an Authorized Officer's execution and delivery thereof.

RESOLVED, that in order to carry out fully the intent and effectuate the purposes of the foregoing resolutions, each of the Authorized Officers be, and hereby are, authorized and empowered on behalf of the applicable Company to take all such further action including, without limitation, to arrange for, enter into or grant amendments, amendments and restatements, supplements, renewals, replacements, consolidations, substitutions, extensions and modifications to and waivers of any of the foregoing DIP Agreement, DIP Documents, the Loan Documents, agreements, instruments and other documents (the "Agreements"), and to arrange for and enter into supplemental agreements, instruments, certificates, joinders, consents, borrowing notices, hedging arrangements, financing statements and other documents, including any interest rate swaps, caps, collars or similar hedging agreements, relating to the transactions contemplated by the Agreements, and to execute, deliver and perform all such further amendments, modifications, waivers, supplemental agreements, instruments, notes (including any intercompany notes to which such Company may be a party), certificates, joinders, consents, financing statements and documents, including any interest rate swaps, caps, collars or similar hedging agreements as may be called for under or in connection with the Agreements, in the name and on behalf of such Company, and to pay all such fees and expenses, which shall in his or her judgment be deemed necessary, proper or advisable in order to perform such Company's obligations under or in connection with the Agreements and the transactions contemplated thereby; and to the extent any such payments have been made to date, any and all such payments are hereby authorized, ratified, confirmed and approved in all respects.

The Members continued their discussion regarding the Chapter 11 filing and the filings, agreements, appointments and retention of professionals associated with the process, and highlighted their importance. Questions were asked and answered and discussion ensued.

## **GENERAL**

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of the Authorized Officers (and their designees and delegates) be, and hereby is, authorized and empowered, in the name of and on behalf of the applicable Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, in each case as in such Authorized Officer's or Authorized Officers' judgment, shall be necessary, appropriate, or desirable in order to fully carry out the intent and accomplish the purposes of the Resolutions adopted hereby.

RESOLVED, that each Member has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing Resolutions, as may be required by the organizational documents of the applicable Company, or hereby waives any right to have received such notice.

RESOLVED, that any and all acts, actions, and transactions relating to the matters contemplated by the foregoing Resolutions done in the name of and on behalf of the applicable Company, prior to the date of this consent on behalf of the applicable Company be, and are hereby in all respects are approved, confirmed and ratified as the true acts and deeds of each Company with the same force and effect as if each such act, transaction, agreement, or certificate had been specifically authorized in advance by resolution of the applicable Members.

RESOLVED, that each of the Authorized Officers (and their designees and delegates) and each other partner, member, or managing member of each direct subsidiary of each Company, be and hereby is authorized and empowered to take all actions or to not take any action in the name of and on behalf of the applicable Company with respect to the transactions contemplated by these Resolutions hereunder as the sole shareholder, partner, member, or managing member of each direct subsidiary of each Company, in each case, as such Authorized Officer shall deem necessary, appropriate, or desirable in such Authorized Officer's reasonable business judgment as may be necessary, appropriate, or desirable to effectuate the purposes of the transactions contemplated hereby.

8

<u>Adjournment</u>

There being no further business, the Members adjourned at approximately 4:41 P.M., EDT.

_____
Recording Secretary
Gary M. Broadbent

9

**MINUTES OF THE BOARD OF MANAGERS MEETING FOR
MISSION COAL COMPANY, LLC
SENECA COAL RESOURCES, LLC
SEMINOLE COAL RESOURCES, LLC
BEARD PINNACLE, LLC AND
OAK GROVE RESOURCES, LLC**

A joint meeting of the Boards of Managers of each of Mission Coal Company, LLC ("Mission"), Seneca Coal Resources, LLC ("Seneca"), Seminole Coal Resources, LLC ("Seminole"), Beard Pinnacle, LLC ("Beard") and Oak Grove Resources, LLC ("Oak Grove") was held beginning at 3:00 P.M., Eastern Daylight Savings Time, on Sunday, October 14, 2018, by telephone conference call. Mission, Seneca, Seminole, Beard and Oak Grove are hereinafter collectively referred to as the "Companies" or individually as a "Company" and the Boards of Managers of Mission, Seneca, Seminole, Beard and Oak Grove are hereinafter collectively referred to as the "Boards" or individually as the "Mission Board," the "Seneca Board" the "Seminole Board," the "Beard Board," and the "Oak Grove Board," respectively.

The following Managers of Mission were present and participating at the meeting:

        Ken McCoy, Chairman
        Michael P. Zervos
        Jason McCoy

The following Managers of Seneca were present and participating at the meeting:

        Ken McCoy, Chairman
        Michael P. Zervos
        Jason McCoy

The following Managers of Seminole were present and participating at the meeting:

        Ken McCoy, Chairman
        Michael P. Zervos
        Charles Ebetino

The following Managers of Beard and of Oak Grove were present and participating at the meeting:

        Ken McCoy, Chairman
        Thomas M. Clarke
        Jason McCoy

The following persons were present and participating at the meeting at the invitation of the Boards:

| Name | Title |
|------|-------|
| Gary M. Broadbent | General Counsel, Vice President of Human Resources, and Secretary Mission |
| Stephen E. Hessler | Kirkland & Ellis LLP |
| Brad Weiland | Kirkland & Ellis LLP |
| Leon Szlezinger | Jefferies LLC |
| Kevin Nystrom | Zolfo Cooper Management Company, LLC |

Gary M. Broadbent, General Counsel, Vice President of Human Resources, and Secretary at Mission, acted as Recording Secretary at the meeting.]

Opening Remarks

Secretary Broadbent welcomed the Managers of the Boards and called the meeting to order. Secretary Broadbent indicated the meeting was called to make a decision as to amended Operating agreements and Chapter 11 filings.

Chapter 11 Filings

Mr. Hessler provided an overview of the benefits and challenges associated with a Chapter 11 filing and the filings, agreements, appointments and retention of professionals associated with the process. Mr. Hessler opened up the matter for discussion amongst the Managers and discussion ensued.

After considerable discussion, upon motion duly made by Chairman McCoy and seconded by Manager Ebetino, the Managers of the Boards unanimously approved the following resolutions:

**CHAPTER 11 FILING**

RESOLVED, that in the judgment of the Boards, it is desirable and in the best interests of each Company, its creditors, and other parties in interest, that each Company shall be and hereby is authorized to file or cause to be filed a voluntary petition for relief (such voluntary petition, and the voluntary petitions to be filed by certain of each Company's affiliates, collectively, the "Chapter 11 Cases") under the provisions of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") or other court of competent jurisdiction.

RESOLVED, that the Chief Executive Officer, Chief Restructuring Officer, General Counsel, Secretary, any Vice President, or any other duly appointed officer of each Company (collectively, the "Authorized Officers"), acting alone or with one or more other Authorized Officers be, and each of them hereby is, authorized, empowered, and directed to execute and file on behalf of the applicable Company all petitions, schedules, lists, and other motions, pleadings, papers, or documents (including the filing of financing statements), and to take any and all action

2

that they deem necessary, appropriate, or desirable to obtain such relief, including, without limitation, any action necessary, appropriate, or desirable to maintain the ordinary course operation of such Company's business.

## APPOINTMENT OF CHIEF RESTRUCTURING OFFICER

RESOLVED, that in accordance with the organizational documents of each Company, the applicable Boards hereby approve the creation of the office of Chief Restructuring Officer at such Company.

RESOLVED, that Mr. Kevin Nystrom is appointed to the office of Chief Restructuring Officer of each Company, to hold such office until the earlier of his resignation or removal.

RESOLVED, that the Chief Restructuring Officer of each Company shall report to the Chief Executive Officer of such Company.

RESOLVED, that the Chief Restructuring Officer shall have the duties and responsibilities and shall provide the services as outlined in an engagement letter, and the Chief Restructuring Officer shall be further authorized to make decisions with respect to certain aspects of the management and operation of each Company's businesses in relation to each Company's restructuring initiatives as determined by the applicable Chief Executive Officer or the applicable Boards from time to time.

## RETENTION OF PROFESSIONALS

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized, empowered and directed to employ the law firm of Kirkland & Ellis LLP, as each Company's co-counsel, to represent and assist each Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance each Company's rights and remedies, including filing any pleadings and conducting any potential sale process on behalf of the applicable Company; and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Kirkland & Ellis LLP in accordance with applicable law.

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized, empowered and directed to employ the law firm of Christian & Small LLP, as each Company's co-counsel, to represent and assist each Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance each Company's rights and remedies, including filing any pleadings and conducting any potential sale process on behalf of the applicable Company; and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Christian & Small LLP in accordance with applicable law.

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized, empowered and directed to employ the firm of Jefferies LLC, as each Company's investment banker, to represent and assist each Company in carrying out its duties under the Bankruptcy Code,

3

and to take any and all actions to advance each Company's rights and remedies; and, in connection therewith, each of the Authorized Officers is, with power of delegation, hereby authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Jefferies LLC in accordance with applicable law.

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized, empowered and directed to employ the firm of Zolfo Cooper LLC, as financial advisor, to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and remedies; and, in connection therewith, each of the Authorized Officers is, with power of delegation, hereby authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Zolfo Cooper LLC in accordance with applicable law.

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized, empowered and directed to employ the firm of Omni Management Group, as notice, claims, and balloting agent and as administrative advisor to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and remedies; and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Omni Management Group in accordance with applicable law.

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized, empowered and directed to employ any other professionals to assist each Company in carrying out its duties under the Bankruptcy Code; and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary, appropriate, or desirable, including (without limitation) special counsel to the extent determined necessary, appropriate, or desirable.

RESOLVED, that each of the Authorized Officers be, and hereby is, with power of delegation, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain legal counsel, accountants, financial advisors, restructuring advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Officers deem necessary, appropriate, or desirable in connection with each Company's Chapter 11 Case.

4

## DEBTOR-IN-POSSESSION FINANCING, CASH COLLATERAL, AND ADEQUATE PROTECTION[1]

RESOLVED, that in the judgment of the Members of each Company, each Company will receive benefits from the DIP Agreement (as defined below) and the Loans contemplated thereunder, and it is desirable and in the best interest of each Company that the form, terms and provisions of that certain (i) Senior Secured Superpriority Debtor-in-Possession Credit Agreement, to be dated on or about the date hereof, together with any and all exhibits, schedules and annexes thereto (the "DIP Agreement"), among by and among Mission, as a debtor and debtor in possession under Chapter 11 of the Bankruptcy Code (the "Borrower"), each of the other Loan Parties party thereto, each as a debtor and debtor in possession under Chapter 11 of the Bankruptcy Code, each Lender from time to time party thereto and Wilmington Savings Fund Society, FSB, as Administrative Agent, and (ii) the Loan Documents to which any or all of the Companies are a party, and all other documents, agreements, instruments or certificates, intellectual property security agreements, joinders, and consents to be executed, delivered or filed by each Company in connection therewith, and the transactions contemplated by the DIP Agreement and the other Loan Documents (in each case including, without limitation, the borrowings and other extensions of credit thereunder, the issuance of any letter of credit thereunder, and the guaranties, liabilities, obligations, security interest granted and notes issued, if any, in connection therewith) be, and hereby are, authorized, adopted and approved.

RESOLVED, that the Board of each Company has determined that it is necessary and in the best interest of the applicable Company's business and affairs, for such Company to execute, deliver and perform the DIP Agreement and the other Loan Documents under the DIP Agreement to which it is a party, to perform such Company's obligations thereunder and to consummate the transactions contemplated thereby, including, without limitation, any borrowings, the performance of any guarantees and the granting of any security interests and liens, and such Company's execution and delivery of, and the incurrence and performance of its obligations in connection with the DIP Agreement, including without limitation, the guarantee of the Obligations thereunder, and any other Loan Document to which it is a party, and the consummation of the transactions contemplated thereby or entered into in connection with the Loan Documents, including, without limitation, any Borrowing by any Company under the Loan Documents, are hereby, in all respects, authorized and approved.

RESOLVED, that each Company and each of its Authorized Officers are authorized, empowered and directed, in the name and on behalf of such Company, to grant security interests in, pledge, assign, transfer, mortgage, convey and/or deliver, as security for obligations under the Loan Documents, any assets now or hereafter held or belonging to such Company, and the grants of security interest by such Company and Liens in all of such Company's assets and property constituting Collateral as collateral security for the payment of the Obligations, advances, debts or liabilities of the Companies, the pledges of collateral (including, without limitation, pledges of equity and real and personal property as collateral), the assignments, transfers, conveyances and mortgages of assets, the Uniform Commercial Code (the "UCC") financing statements, and the

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the DIP Agreement (as defined herein).

guarantees of each Company, under and in connection with the Loan Documents, be and they hereby are, authorized, adopted and approved.

RESOLVED, that each of the Authorized Officers of each Company is hereby authorized and directed to negotiate the terms of and to execute, deliver and perform the Loan Documents to which such Company is a party and any and all other documents, certificates, instruments, notes, mortgages, deeds of trust, intellectual property security agreements, joinders, consents, guarantees or agreements relating to or in connection with the transactions contemplated thereby in the name and on behalf of such Company, in the form approved, with such changes therein and modifications and amendments thereto as any of the Authorized Officers may in his or her sole discretion approve on behalf of such Company, which approval shall be conclusively evidenced by his or her execution thereof (such execution by any of the Authorized Officers is hereby authorized to be by original hardcopy, facsimile or similar instantaneous electronic transmission device).

RESOLVED, that each Company will obtain benefits from the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral"), which is security for certain prepetition secured lenders (collectively, the "Secured Lenders") party to:

a)   that certain Credit Agreement dated as of January 31, 2018, among Mission (the "Prepetition First Lien Borrower"), the guarantor parties thereto, Delaware Trust Company, as administrative agent (the "Administrative Agent"), and each lender party from time to time thereto (as amended, restated, amended and restated, supplemented, or otherwise modified from time to time, the "Prepetition First Lien Agreement"); and

b)   that certain Amended and Restated Secured Loan Agreement dated as of January 1, 2018, among Mission, Seneca and Seminole, each as Borrower (the "Prepetition Second Lien Borrowers"), and Mission Coal Funding, LLC (the "Second Lien Lender"), (as amended, restated, amended and restated, supplemented, or otherwise modified from time to time, the "Prepetition Second Lien Agreement").

RESOLVED, that, in order to use and obtain the benefits of the Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, each Company will provide certain adequate protection to the Secured Lenders (the "Adequate Protection Obligations"), as documented in a proposed interim DIP order (the "Interim DIP Order") substantially in the form presented to the Boards on or in advance of the date hereof, with such changes, additions, and modifications thereto as an Authorized Officer executing the same shall approve, such approval to be conclusively evidenced by an Authorized Officer's execution and delivery thereof, to be submitted for approval to the Bankruptcy Court.

RESOLVED, that the form, terms, and provisions of the Interim DIP Order to which each Company is or will be subject, and the actions and transactions contemplated thereby be, and hereby are authorized, adopted, and approved, and each Authorized Officer be, and hereby is, authorized and empowered, in the name of and on behalf of the applicable Company, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and

cause the performance of, the Interim DIP Order, and such other agreements, certificates, instruments, receipts, petitions, motions, or other papers or documents to which such Company is or will be a party, including, but not limited to any security and pledge agreement or guaranty agreement (collectively with the Interim DIP Order, the "DIP Documents"), incur and pay or cause to be paid all fees and expenses and engage such persons, in connection with the foregoing resolutions, in accordance with the DIP Documents, and in each case, in the form or substantially in the form thereof presented to the respective Board of each Company on or in advance of the date hereof, with such changes, additions, and modifications thereto as an Authorized Officer executing the same shall approve, such approval to be conclusively evidenced by an Authorized Officer's execution and delivery thereof.

RESOLVED, that in order to carry out fully the intent and effectuate the purposes of the foregoing resolutions, each of the Authorized Officers be, and hereby are, authorized and empowered on behalf of the applicable Company to take all such further action including, without limitation, to arrange for, enter into or grant amendments, amendments and restatements, supplements, renewals, replacements, consolidations, substitutions, extensions and modifications to and waivers of any of the foregoing DIP Agreement, DIP Documents, the Loan Documents, agreements, instruments and other documents (the "Agreements"), and to arrange for and enter into supplemental agreements, instruments, certificates, joinders, consents, borrowing notices, hedging arrangements, financing statements and other documents, including any interest rate swaps, caps, collars or similar hedging agreements, relating to the transactions contemplated by the Agreements, and to execute, deliver and perform all such further amendments, modifications, waivers, supplemental agreements, instruments, notes (including any intercompany notes to which such Company may be a party), certificates, joinders, consents, financing statements and documents, including any interest rate swaps, caps, collars or similar hedging agreements as may be called for under or in connection with the Agreements, in the name and on behalf of such Company, and to pay all such fees and expenses, which shall in his or her judgment be deemed necessary, proper or advisable in order to perform such Company's obligations under or in connection with the Agreements and the transactions contemplated thereby; and to the extent any such payments have been made to date, any and all such payments are hereby authorized, ratified, confirmed and approved in all respects.

## GENERAL

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of the Authorized Officers (and their designees and delegates) be, and hereby is, authorized and empowered, in the name of and on behalf of the applicable Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, in each case as in such Authorized Officer's or Authorized Officers' judgment, shall be necessary, appropriate, or desirable in order to fully carry out the intent and accomplish the purposes of the Resolutions adopted hereby.

RESOLVED, that each manager has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing Resolutions, as may be required by the organizational documents of the applicable Company, or hereby waives any right to have received such notice.

7

RESOLVED, that any and all acts, actions, and transactions relating to the matters contemplated by the foregoing Resolutions done in the name of and on behalf of the applicable Company, prior to the date of this consent on behalf of the applicable Company be, and are hereby in all respects are approved, confirmed and ratified as the true acts and deeds of each Company with the same force and effect as if each such act, transaction, agreement, or certificate had been specifically authorized in advance by resolution of the applicable Board.

RESOLVED, that each of the Authorized Officers (and their designees and delegates) and each other partner, member, or managing member of each direct subsidiary of each Company, be and hereby is authorized and empowered to take all actions or to not take any action in the name of and on behalf of the applicable Company with respect to the transactions contemplated by these Resolutions hereunder as the sole shareholder, partner, member, or managing member of each direct subsidiary of each Company, in each case, as such Authorized Officer shall deem necessary, appropriate, or desirable in such Authorized Officer's reasonable business judgment as may be necessary, appropriate, or desirable to effectuate the purposes of the transactions contemplated hereby.

The Boards continued their discussion regarding the Chapter 11 filing and the filings, agreements, appointments and retention of professionals associated with the process, and highlighted their importance.  Questions were asked and answered and discussion ensued.

<u>Adjournment</u>

There being no further business, the Boards adjourned at approximately 4:41 P.M., EDT.


_____
Recording Secretary
Gary M. Broadbent

8

**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| In re: | ) )  Chapter 11 |
| MISSION COAL COMPANY, LLC, | )  Case No. 18-_____(___) |
| Debtor. | ) ) ) |

## LIST OF EQUITY SECURITY HOLDERS[1]

| Debtor | Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|---|
| Mission Coal Company, LLC | Iron Management II, LLC | 6801 Falls of Neuse Road, Suite 100 Raleigh, NC 27615-5387 | 28.850% |
| | Iron Management III, LLC | 6801 Falls of Neuse Road, Suite 100 Raleigh, NC 27615-5387 | 25.850% |
| | Michael P. Zervos | c/o: Mission Coal Company, LLC 7 Sheridan Square, Suite 300, Kingsport, Tennessee 37660 | 15.107% |
| | ENECCo, Inc. | CWS Agency Corporation 65 East State Street, Suite 1000 Columbus OH 43215 | 15.107% |
| | Robert McAtee | c/o: Mission Coal Company, LLC 7 Sheridan Square, Suite 300, Kingsport, Tennessee 37660 | 7.553% |
| | Mark Bartkoski | c/o: Mission Coal Company, LLC 7 Sheridan Square, Suite 300, Kingsport, Tennessee 37660 | 4.532% |

---

[1]  This list serves as the disclosure required to be made by the debtor pursuant to rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed are as of the date of commencement of the chapter 11 case.

**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| MISSION COAL COMPANY, LLC, | ) | Case No. 18-_____(____) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

## <u>CORPORATE OWNERSHIP STATEMENT</u>

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Iron Management II, LLC | 28.850% |
| Iron Management III, LLC | 25.850% |
| Michael P. Zervos | 15.107% |
| ENECCo, Inc. | 15.107% |

| | |
|---|---|
| Debtor Name | Mission Coal Company, LLC |
| United States Bankruptcy Court for the: | Northern District of Alabama |
| | (State) |
| Case number (If known): | |

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors          12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐  *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐  *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐  *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐  *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐  *Schedule H: Codebtors (Official Form 206H)*

☐  *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐  *Amended Schedule*

☒  *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒  Other document that requires a declaration   List of Equity Security Holders and Corporate Ownership Statement

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

| 10/14/2018 | ☒ */s/ Kevin Nystrom* |
|---|---|
| MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | **Kevin Nystrom** |
| | Printed name |
| | **Authorized Signatory** |
| | Position or relationship to debtor |

**Official Form 202**          **Declaration Under Penalty of Perjury for Non-Individual Debtors**