**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| MISSION COAL COMPANY, LLC, *et al.*,[1] | ) | Case No. 18-04177-TOM11 |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | **Re: Docket No. 20** |

**INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO (A) PAY PREPETITION WAGES, SALARIES, OTHER COMPENSATION, AND REIMBURSABLE EXPENSES AND (B) CONTINUE EMPLOYEE BENEFITS PROGRAMS, AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an interim order (this "Interim Order"), (a) authorizing the Debtors (i) to pay prepetition wages, salaries, other compensation, and reimbursable expenses and (ii) to continue employee benefits programs in the ordinary course of business, including payment of certain prepetition obligations related thereto, (b) scheduling a final hearing to consider approval of the Motion on a final basis, and (c) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *General Order of Reference* from the United States District Court for the Northern District of Alabama, dated July 16, 1984, as amended July 17,

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Mission Coal Company, LLC (8465); Beard Pinnacle, LLC (0637); Oak Grove Land Company, LLC (6068); Oak Grove Resources, LLC (0300); Pinnacle Land Company, LLC (6070); Pinnacle Mining Company, LLC (7780); Seminole Alabama Mining Complex, LLC (6631); Seminole Coal Resources, LLC (1795); Seminole West Virginia Mining Complex, LLC (7858); Seneca Coal Resources, LLC (1816); and Seneca North American Coal, LLC (5102). The location of the Debtors' service address is: 7 Sheridan Square, Suite 300, Kingsport, Tennessee 37660.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

1984; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted on an interim basis as set forth herein.

2. The final hearing (the "Final Hearing") on the Motion shall be held on November 7, 2018, at 10:00 a.m., prevailing Central Time. Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Central Time, on October 31, 2018, and shall be served on: (a) the Debtors, Mission Coal Company, LLC, 7 Sheridan Square, Suite 300, Kingsport, Tennessee 37660, Attn: Gary M. Broadbent; (b) proposed counsel to the Debtors, Kirkland & Ellis LLP, 300 North LaSalle, Chicago, Illinois 60654, Attn: Brad Weiland and Melissa N. Koss, and Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Stephen E. Hessler, P.C. and Ciara Foster; (c) proposed co-counsel to the Debtors, Christian & Small LLP, 505 North 20th Street, Suite 1800, Birmingham, Alabama 35203, Attn.: Daniel D. Sparks and Bill D. Bensinger; (d) the Office of the Bankruptcy Administrator for the Northern District of Alabama, Robert S. Vance Federal Building, 1800 Fifth Avenue North, Suite

300, Birmingham, Alabama 35203; (e) the holders of the 50 largest unsecured claims against the Debtors (on a consolidated basis); (f) counsel to the agent under the Debtors' proposed debtor-in-possession credit agreement, Seward & Kissel LLP, One Battery Park Plaza, New York, New York 10004, Attn: John R. Ashmead and Andrew Silverstein; (g) counsel to the agent under the Debtors' prepetition first-lien credit agreement, Miles & Stockbridge, P.C., 150 K Street, NW, Suite 800, Washington, DC 2005, Attn: Abbey M. Ruby; (h) counsel to the lenders under the Debtors' debtor-in-possession credit agreement and prepetition first-lien credit agreement, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036-6745, Attn: Arik Preis and Jason P. Rubin; (i) counsel to Mission Coal Funding, LLC, in its capacity as the lender under the Debtors' prepetition second-lien credit agreement, Jones & Associates, 13 Kanawha Boulevard West, Suite 200, Charleston, West Virginia 25327, Attn: Matthew W. Gallimore; (j) the United States Attorney's Office for the Northern District of Alabama; (k) the Internal Revenue Service; (l) the Environmental Protection Agency; (m) the office of the attorneys general for the states in which the Debtors operate; (n) the Securities and Exchange Commission; (o) the Pension Benefit Guarantee Corporation; (p) the United Mine Workers of America; (q) the United Mine Workers of America Pension Plan; and (r) any party that has requested notice pursuant to Bankruptcy Rule 2002. In the event no objections to entry of a final order on the Motion are timely received, this Court may enter such final order without need for the Final Hearing.

3. The Debtors are authorized, but not directed, to continue and/or modify, change, and discontinue the Employee Compensation and Benefits and to implement new programs, policies, and benefits in the ordinary course of business during these chapter 11 cases and without the need for further Court approval, subject to applicable law. For the avoidance of doubt, except as otherwise expressly set forth herein, nothing in this Interim Order should be construed as

authorizing any payments on account of the Employee Compensation and Benefits that are outside the ordinary course of business without prior Court approval.

4. The Debtors are authorized, but not directed, in their discretion, to pay and honor prepetition amounts related to the Employee Compensation and Benefits programs in an aggregate interim amount not to exceed $15,911,000; *provided* that, pending entry of the Final Order, the Debtors are not authorized to pay any Employee or Independent Contractor any amount on behalf of prepetition services that exceeds the amounts set forth in sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code; *provided, further*, that the Debtors' authority to pay such prepetition amounts pursuant to this paragraph shall, where applicable, be subject to the following caps:

| Relief Sought | Interim Amount | Total Amount |
|---|---|---|
| **Compensation and Withholding Obligations** | | |
| Unpaid Wages | $5,300,000 | $5,300,000 |
| Unpaid Contractor Obligations | $45,000 | $45,000 |
| Withholding Obligations | $1,300,000 | $1,300,000 |
| Expense Reimbursements | $70,000 | $70,000 |
| **Employee Benefit Programs** | | |
| Health Insurance Programs | $1,900,000 | $1,900,000 |
| Life, Disability, and AD&D Insurance | $395,000 | $395,000 |
| Workers' Compensation Program | $2,400,000 | $2,400,000 |
| Retirement Obligations | $3,000,000 | $9,800,000 |
| Retirement Deductions | $255,000 | $255,000 |
| Accrued and Owing Paid Leave | $1,200,000 | $1,300,000 |
| **Supplemental Employee Benefits** | | |
| Relocation Assistance | $36,000 | $36,000 |
| Bonus Program | $10,000 | $10,000 |
| **Total** | **$15,911,000** | **$22,811,000** |

5. Nothing herein shall be deemed to (a) authorize the payment of any amounts which are subject to section 503(c) of the Bankruptcy Code, or (b) authorize the Debtors to cash out unpaid vacation/leave time upon termination of an Employee, unless applicable state law requires such payment; *provided* that nothing in this Interim Order shall prejudice the Debtors' ability to seek approval of relief pursuant to section 503(c) of the Bankruptcy Code at a later time.

6. Pursuant to Section 362(d) of the Bankruptcy Code: (a) Employees are authorized

to proceed with their workers' compensation claims in the appropriate judicial or administrative forum under the Workers' Compensation Program, and the Debtors are authorized to pay all prepetition amounts relating thereto in the ordinary course of business; and (b) the notice requirements pursuant to Bankruptcy Rule 4001(d) with respect to clause (a) are waived. This modification of the automatic stay pertains solely to claims under the Workers' Compensation Program and any such claims must be pursued in accordance with the applicable Workers' Compensation Program. Payment on account of any recoveries obtained in connection with a claim brought pursuant to this paragraph is limited to the terms and conditions of the applicable Workers' Compensation Program, including with regard to any policy limits or caps.

7. Notwithstanding the relief granted in this Interim Order and any actions taken pursuant to such relief, nothing in this Interim Order shall be deemed: (a) an admission as to the validity of any particular claim against a Debtor entity; (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Interim Order or the Motion; (e) a request or authorization to assume or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this Interim Order or the Motion are valid, and the Debtors expressly reserved their rights to contest the extent, validity, or perfection or seek avoidance of all such liens.

8. Notwithstanding anything to the contrary in this Interim Order, any payment made (or to be made) and any authorization contained in this Interim Order shall be subject to the terms, conditions, limitations, and requirements of the *Interim Order (I) Authorizing Postpetition Secured*

*Financing Pursuant to 11 U.S.C. §§ 105(a), 361, 362, 363, 364(c)(1), 364(c)(2), 363(c)(3), 364(d)(1) and 364(e), (II) Authorizing the Debtors' Use of Cash Collateral Pursuant to 11 U.S.C. 363, (III) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361, 363, and 364, and (IV) Scheduling a Final Hearing Pursuant to Bankruptcy Rules 4001(b) and 4001(c)* (together with any approved budget (including any permitted variances) in connection therewith, the "Interim DIP Order"), and to the extent there is any inconsistency between the terms of the Interim DIP Order and any action taken or proposed to be taken under this Interim Order, the terms of the Interim DIP Order (together with any approved budget (including any permitted variances) in connection therewith) shall control.

9. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized and directed to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Interim Order.

10. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with any Employee Compensation and Benefits.

11. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

12. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) are satisfied by such notice.

13. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim

Order are immediately effective and enforceable upon its entry.

14. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

15. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

Dated: October 16, 2018

/s/ Tamara O. Mitchell
TAMARA O. MITCHELL
United States Bankruptcy Judge