**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| MISSION COAL COMPANY, LLC, *et al.*,[1] | ) | Case No. 18-04177-TOM11 |
| Debtors. | ) | (Jointly Administered) |
| | ) | **Re: Docket Nos. 20 & 71** |

**FINAL ORDER (I) AUTHORIZING THE DEBTORS TO (A) PAY PREPETITION WAGES, SALARIES, OTHER COMPENSATION, AND REIMBURSABLE EXPENSES AND (B) CONTINUE EMPLOYEE BENEFITS PROGRAMS, AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of a final order (this "Final Order"), (a) authorizing the Debtors (i) to pay prepetition wages, salaries, other compensation, and reimbursable expenses and (ii) to continue employee benefits programs in the ordinary course of business, including payment of certain prepetition obligations related thereto, and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *General Order of Reference* from the United States District Court for the Northern District of Alabama, dated July 16, 1984, as amended July 17, 1984; and this Court having found that this is a core proceeding pursuant to 28 U.S.C.

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Mission Coal Company, LLC (8465); Beard Pinnacle, LLC (0637); Oak Grove Land Company, LLC (6068); Oak Grove Resources, LLC (0300); Pinnacle Land Company, LLC (6070); Pinnacle Mining Company, LLC (7780); Seminole Alabama Mining Complex, LLC (6631); Seminole Coal Resources, LLC (1795); Seminole West Virginia Mining Complex, LLC (7858); Seneca Coal Resources, LLC (1816); and Seneca North American Coal, LLC (5102). The location of the Debtors' service address is: 7 Sheridan Square, Suite 300, Kingsport, Tennessee 37660.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

§ 157(b)(2); and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted on a final basis as set forth herein.

2. The Debtors are authorized, but not directed, to continue and/or modify, change, and discontinue the Employee Compensation and Benefits and to implement new programs, policies, and benefits, in the ordinary course of business during these chapter 11 cases and without the need for further Court approval, subject to applicable law. For the avoidance of doubt, except as otherwise expressly set forth herein, nothing in this Final Order should be construed as authorizing any payments on account of the Employee Compensation and Benefits that are outside the ordinary course of business without prior Court approval, *provided*, *however*, that to the extent reasonably practicable under the circumstances, the Debtors will use good faith efforts to consult with the Committee's and DIP Lenders' respective advisors regarding any material modifications, taken as a whole, or discontinuance to the Employee Compensation and Benefits, not less than five (5) days prior to any such modification or discontinuance.

3. The Debtors are authorized, but not directed, in their discretion, to pay and honor prepetition amounts related to the Employee Compensation and Benefits programs in an aggregate final amount not to exceed $25,511,000; *provided that* the Debtors may pay amounts in excess of this figure if such amounts would otherwise be payable pursuant to the terms of this Final Order and after providing 5 days' notice of such proposed payments to the office of the Bankruptcy Administrator for the Northern District of Alabama, the DIP Lenders' advisors, and the Committee's advisors.

4. Nothing herein shall be deemed to authorize the payment of any amounts which violates or implicates section 503(c) of the Bankruptcy Code; *provided* that nothing herein shall prejudice the Debtors' ability to seek approval of relief pursuant to section 503(c) of the Bankruptcy Code at a later time. For the avoidance of doubt, any (i) proposed modification, change or discontinuance of any of its Employee and Benefits that impact Insiders (as such term is defined in section 101(31) of the Bankruptcy Code); (ii) any new programs, policies, benefits or other Employee Compensation and Benefits the Debtors seek to implement that impact Insiders; and/or (iii) any payments the Debtors propose to make in connection with Insiders must be made by written motion and Court approval. Except as otherwise provided in any order approving the Motion, nothing herein shall be deemed approval of any non-ordinary course bonus, incentive, or severance payments to its Employees or any Insiders and the Debtors shall not make any such payments without further order of this Court.

5. Pursuant to Section 362(d) of the Bankruptcy Code: (a) Employees are authorized to proceed with their workers' compensation claims and black lung clams in the appropriate judicial or administrative forum under the Workers' Compensation Program or the Black Lung Benefits Act, as applicable, and the Debtors are authorized to pay all prepetition amounts relating

thereto in the ordinary course of business; and (b) the notice requirements pursuant to Bankruptcy Rule 4001(d) with respect to clause (a) are waived. This modification of the automatic stay pertains solely to claims under the Workers' Compensation Program and the Black Lung Benefits Act and any such claims must be pursued in accordance with the applicable Workers' Compensation Program or the Black Lung Benefits Act, as applicable. Payment on account of any recoveries obtained in connection with a claim brought pursuant to this paragraph is limited to the terms and conditions of the Workers' Compensation Program or Black Lung Benefits Act, as applicable, including with regard to any policy limits or caps.

6. Notwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief, nothing in this Final Order shall be deemed: (a) an admission as to the validity of any particular claim against a Debtor entity; (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Final Order or the Motion; (e) a request or authorization to assume or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this Final Order or the Motion are valid, and the Debtors expressly reserved their rights to contest the extent, validity, or perfection or seek avoidance of all such liens.

7. Notwithstanding anything to the contrary in this Final Order, any payment made (or to be made) and any authorization contained in this Final Order shall be subject to the terms, conditions, limitations, and requirements of the *Final Order (I) Authorizing Postpetition Secured Financing Pursuant to 11 U.S.C. §§ 105(a), 361, 362, 363, 364(c)(1), 364(c)(2), 363(c)(3),*

*364(d)(1) and 364(e), (II) Authorizing the Debtors' Use of Cash Collateral Pursuant to 11 U.S.C. 363, (III) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361, 363, and 364, and (IV) Scheduling a Final Hearing Pursuant to Bankruptcy Rules 4001(b) and 4001(c)* (together with any approved budget (including any permitted variances) in connection therewith, the "Final DIP Order"), and to the extent there is any inconsistency between the terms of the Final DIP Order and any action taken or proposed to be taken under this Final Order, the terms of the Final DIP Order (together with any approved budget (including any permitted variances) in connection therewith) shall control.

8. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized and directed to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Final Order.

9. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with any Employee Compensation and Benefits.

10. The Debtors are authorized to pay the amounts set forth in that certain Settlement and Release Agreement, entered into on July 25, 2018, by and among the Debtor Pinnacle Mining Company, LLC and Ricky Johnson and Melissa Johnson (the "Johnsons") in full and final satisfaction of all claims held by the Johnsons against any of the Debtors as set forth in the agreement.

11. Nothing contained herein is intended to or shall be construed to create an administrative priority claim on account of Employee Compensation and Benefits obligations.

12. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) are satisfied by such notice.

13. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

14. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

15. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

Dated: November 21, 2018

/s/ Tamara O. Mitchell
TAMARA O. MITCHELL
United States Bankruptcy Judge