# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MISSION COAL COMPANY, LLC, *et al.*,[1] | ) | Case No. 18-04177-TOM11 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## NOTICE OF DEBTORS' MOTION FOR ENTRY OF
## AN ORDER EXTENDING EXCLUSIVE PERIODS TO
## FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES
## THEREOF PURSUANT TO SECTION 1121 OF THE BANKRUPTCY CODE

**PLEASE TAKE NOTICE** that on January 16, 2019, Mission Coal Company, LLC and its affiliated debtors and debtors-in-possession (each a "Debtor" and, collectively, the "Debtors") by and through their undersigned counsel, filed the *Debtors' Motion for Entry of an Order Extending Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy Code* (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that objections or responses to the Motion, if any, must be filed with the United States Bankruptcy Court for the Northern District of Alabama, Southern Division, and served so as to be received by the undersigned counsel on or before **January 30, 2019 at 4:00 p.m. (prevailing Central Time)** (the "Objection Deadline").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Mission Coal Company, LLC (8465); Beard Pinnacle, LLC (0637); Oak Grove Land Company, LLC (6068); Oak Grove Resources, LLC (0300); Pinnacle Land Company, LLC (6070); Pinnacle Mining Company, LLC (7780); Seminole Alabama Mining Complex, LLC (6631); Seminole Coal Resources, LLC (1795); Seminole West Virginia Mining Complex, LLC (7858); Seneca Coal Resources, LLC (1816); and Seneca North American Coal, LLC (5102). The location of the Debtors' service address is: 7 Sheridan Square, Suite 300, Kingsport, Tennessee 37660.

PLEASE TAKE FURTHER NOTICE that a hearing on the Motion will be held on **February 6, 2019 at 10:00 a.m. (prevailing Central Time)** before the Honorable Tamara O. Mitchell, at the United States Bankruptcy Court for the Northern District of Alabama, Southern Division, Courtroom #3, Robert S. Vance Federal Building, 1800 Fifth Avenue North, Birmingham, Alabama 35203-2111 (the "Court").

PLEASE TAKE FURTHER NOTICE THAT IF NO OBJECTIONS OR RESPONSES ARE RECEIVED IN ACCORDANCE WITH THE TERMS OF THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE MOTION WITHOUT FURTHER NOTICE OR HEARING.

[*Remainder of page intentionally left blank*]

Case 18-04177-TOM11    Doc 555    Filed 01/16/19    Entered 01/16/19 22:14:25    Desc
Main Document    Page 2 of 21

Birmingham, Alabama
Dated: January 16, 2019

/s/ *Daniel D. Sparks*
Daniel D. Sparks
Bill D. Bensinger
**CHRISTIAN & SMALL LLP**
505 North 20th Street, Suite 1800
Birmingham, Alabama 35203
Telephone:   (205) 795-6588
Facsimile:   (205) 328-7234
Email:       ddsparks@csattorneys.com
              bdbensinger@csattorneys.com

- and -

James H.M. Sprayregen, P.C.
Brad Weiland (admitted *pro hac vice*)
Melissa N. Koss (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone:   (312) 862-2000
Facsimile:   (312) 862-2200
Email:       james.sprayregen@kirkland.com
              brad.weiland@kirkland.com
              melissa.koss@kirkland.com

- and -

Stephen E. Hessler, P.C. (admitted *pro hac vice*)
Ciara Foster (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:   (212) 446-4800
Facsimile:   (212) 446-4900
Email:       stephen.hessler@kirkland.com
              ciara.foster@kirkland.com

*Co-Counsel to the Debtors*

## UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| MISSION COAL COMPANY, LLC, *et al.*,[1] | ) | Case No. 18-04177-TOM11 |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

### DEBTORS' MOTION FOR ENTRY
### OF AN ORDER EXTENDING EXCLUSIVE PERIODS
### TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES
### THEREOF PURSUANT TO SECTION 1121 OF THE BANKRUPTCY CODE

Mission Coal Company, LLC and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"),[2] respectfully state the following in support of this motion (the "Motion"):

### Relief Requested

1. The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A**, extending the Debtors' exclusive right to file a chapter 11 plan through and including May 12, 2019 (the "Filing Exclusivity Period"), and to solicit votes thereon through and including

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Mission Coal Company, LLC (8465); Beard Pinnacle, LLC (0637); Oak Grove Land Company, LLC (6068); Oak Grove Resources, LLC (0300); Pinnacle Land Company, LLC (6070); Pinnacle Mining Company, LLC (7780); Seminole Alabama Mining Complex, LLC (6631); Seminole Coal Resources, LLC (1795); Seminole West Virginia Mining Complex, LLC (7858); Seneca Coal Resources, LLC (1816); and Seneca North American Coal, LLC (5102). The location of the Debtors' service address is: 7 Sheridan Square, Suite 300, Kingsport, Tennessee 37660.

[2] A detailed description of the Debtors and their businesses, and the facts and circumstances supporting the Debtors' chapter 11 cases, are set forth in greater detail in the *Declaration of Kevin Nystrom, Chief Restructuring Officer of Mission Coal Company, LLC, in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 21] (the "First Day Declaration"), filed contemporaneously with the Debtors' voluntary petitions for relief filed under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), on October 14, 2018 (the "Commencement Date").

July 11, 2019 (the "Soliciting Exclusivity Period," and, together with the Filing Exclusivity Period, the "Exclusivity Periods"), without prejudice to the Debtors' right to seek further extensions to the Exclusivity Periods.

## Jurisdiction and Venue

2.   The United States Bankruptcy Court for the Northern District of Alabama (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *General Order of Reference* from the United States District Court for the Northern District of Alabama, dated July 16, 1984, as amended July 17, 1984.  The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.   Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.   The bases for the relief requested herein are section 1121(d) of the Bankruptcy Code and Bankruptcy Rule 9006.

## Preliminary Statement[3]

5.   Since the Commencement Date, the Debtors have worked diligently to stabilize their business and preserve the value of their assets.  This includes advancing these cases toward consummation of a value-maximizing sale transaction, which the Debtors intend to implement

---

[3]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Plan and Disclosure Statement.

2

through a plan of reorganization.[4]  The Debtors have used their initial Exclusivity Periods to work earnestly and diligently to achieve significant milestones in these chapter 11 cases, including:

- obtaining interim and final approval of relief requested in the Debtors' "first day motions" and stabilizing operations in chapter 11;

- obtaining interim and final approval of their DIP Facility;

- preparing and filing the Debtors' statements of financial affairs and schedules of assets and liabilities;

- obtaining approval of the Bidding Procedures to be used in the Debtors' marketing process;

- facilitating the marketing process for the sale of substantially all of the Debtors' assets;

- obtaining approval of a key employee retention plan;

- negotiating with the parties to the Debtors' prepetition collective bargaining agreements;

- filing the *Joint Chapter 11 Plan of Mission Coal Company, LLC and Certain of its Debtor Affiliates* [Docket No. 522] (the "Plan") and *Disclosure Statement for Joint Chapter 11 Plan of Mission Coal Company, LLC and Certain of its Debtor Affiliates* [Docket No. 523] (the "Disclosure Statement") on January 2, 2019 in accordance with the milestones under the DIP Facility; and

- commencing and coordinating with the Committee to prosecute their respective investigations into possible prepetition claims and causes of action.

6.    While the Debtors have made significant progress to date, much work remains to be done to complete the Debtors' sale process, reach resolution with respect to the Debtors' labor and retiree obligations, conclude the Debtors' independent investigation into possible prepetition claims and causes of action, consummate a sale transaction and confirm a plan of reorganization. The Filing Exclusivity Period is currently set to expire on February 11, 2019, and the Soliciting

---

4    As noted in the Bidding Procedures Order, the Debtors intend for the sale of the Debtors' assets to be consummated through a plan of reorganization, and the Opening Bidder for the Debtors' assets prefers that the sale of the Debtors' assets be approved and consummated through a separate sale order pursuant to section 363 of the Bankruptcy Code and not require consummation of a plan in order to close on the sale.

Exclusivity Period is set to expire on April 12, 2019.  The Debtors believe that extending the Exclusivity Periods is critical and will afford the Debtors and their stakeholders time to complete their investigation, engage in further negotiations with their key stakeholders, and consummate the sale transaction and confirm a consensual plan.  Therefore, the Debtors request an extension of the Exclusivity Periods by 90 days, respectively, to allow the Debtors to focus on advancing these cases as efficiently and consensually as possible to the benefit of all parties in interest.

## Background

7.  The Debtors are engaged in the mining and production of metallurgical coal, also known as "met" coal, which is a critical component of the steelmaking process.  Established through a series of acquisitions, the Debtors are among the leading producers of met coal in the United States.  The Debtors are headquartered in Kingsport, Tennessee and operate subterranean, surface, and longwall mining complexes in West Virginia and Alabama.

8.  On the Commencement Date, each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The Debtors' cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket No. 63].  On October 25, 2018, the Bankruptcy Administrator for the Northern District of Alabama (the "Bankruptcy Administrator") appointed the official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code [Docket No. 147] (the "Committee").

## Basis for Relief

9.  A debtor has the exclusive right to propose a chapter 11 plan for the first 120 days of a chapter 11 case pursuant to section 1121(b) of the Bankruptcy Code.  Section 1121(c)(3) of the Bankruptcy Code extends the period of exclusivity for an additional 60 days, to an initial maximum

4

of 180 days, where the debtor has filed a chapter 11 plan and is soliciting votes on such plan. "[T]he point of exclusivity is to promote an environment in which the debtor's business may be rehabilitated and a consensual plan may be negotiated." *In re Burns and Roe Enters., Inc.*, 2005 WL 6289213, at *4 (D.N.J. Nov. 2, 2005). In these chapter 11 cases, the Exclusivity Periods set forth in sections 1121(b) and 1121(c) of the Bankruptcy Code will expire on February 11, 2019, and April 12, 2019, respectively, absent further order of the Court.

10. Section 1121(d)(1) of the Bankruptcy Code permits a court to extend a debtor's exclusivity "for cause," subject to certain limitations not relevant here. Specifically, section 1121(d) provides that "on request of a party in interest made within the respective periods . . . of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section." 11 U.S.C. § 1121(d). Although the term "cause" is not defined by the Bankruptcy Code, such term should be viewed flexibly in this context "in order to allow the debtor to reach an agreement." H.R. Rep. No. 95, 95th Cong., 1st Sess. 232 (1997); *see also In re Public Serv. Co. of New Hampshire*, 88 B.R. 521, 534 (Bankr. D.N.H. 1988) ("legislative intent . . . [is] to promote maximum flexibility"). A debtor should be given a reasonable opportunity to negotiate an acceptable plan with creditors and to prepare adequate financial and nonfinancial information concerning the ramifications of any proposed plan for disclosure to creditors. *See In re Texaco Inc.*, 76 B.R. 322, 327 (Bankr. S.D.N.Y. 1987).

11. Courts within the Eleventh Circuit and in other jurisdictions have held that the decision to extend exclusivity periods is left to the sound discretion of a bankruptcy court and should be based on the totality of circumstances in each case. *See, e.g., In re Sportsman's Link, Inc.*, 2007 WL 7023830, at *3 (Bankr. S.D. Ga. Dec. 3, 2007) (noting that the "court has a high-degree of flexibility in designing the appropriate test for each case and is not required to apply any particular

5

set of factors, or number of factors" (internal citation omitted).  In general, as long as debtors give the court "no reason to believe that they are abusing their exclusivity rights . . . [a] requested extension of exclusivity . . . should be granted."  *In re Global Crossing Ltd*., 295 B.R. 726, 730 (Bankr. S.D.N.Y. 2003); *see also In re Borders Grp*., *Inc*., 460 B.R. 818, 822 (Bankr. S.D.N.Y. 2011) (noting the debtors' "substantial efforts . . . to stabilize their business and develop a viable exit strategy").  In particular, courts examine a number of factors to determine whether a debtor has had an adequate opportunity to develop, negotiate, and propose a chapter 11 plan and thus whether there is "cause" for extension of the Exclusivity Periods.  These factors include the following:

(a)     the size and complexity of the case;

(b)     the existence of good faith progress toward reorganization;

(c)     the necessity of sufficient time to negotiate a plan of reorganization and prepare adequate information to allow a creditor to determine whether to accept such plan;

(d)     whether the debtor is paying its debts as they become due;

(e)     whether the debtor has demonstrated reasonable prospects for filing a viable plan;

(f)     whether the debtor has made progress negotiating with creditors;

(g)     the amount of time which has elapsed in the case;

(h)     whether the debtor is seeking an extension to pressure creditors; and

(i)     whether an unresolved contingency exists.

*See, e.g., In re Sportsman's Link, Inc.*, 2007 WL 7023830, at *2 (Bankr. S.D. Ga. Dec. 3, 2007); *In re Friedman's, Inc.*, 336 B.R. 884, 888 (Bankr. S.D. Ga. 2005); *In re Adelphia Commc'ns Corp.*, 336 B.R. 610, 674 (Bankr. S.D.N.Y. 2006); *In re Cent*. *Jersey Airport Servs*., *LLC*, 282 B.R. 176, 183 (Bankr. D.N.J. 2002).

6

12. Not all of these factors are relevant to every case and courts use only the relevant subset of the above factors to determine whether cause exists to grant an exclusivity extension in a particular chapter 11 case. For example, both Congress and courts have recognized that the size and complexity of a debtor's case alone may constitute cause for extension of a debtor's exclusive periods to file a plan and solicit acceptances of such a plan. H.R. No. 95-595, at 231-232, 406 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 6191 ("[I]f an unusually large company were to seek reorganization under chapter 11, the court would probably need to extend the time in order to allow the debtor to reach an agreement."); *see also Texaco*, 76 B.R. at 326 ("The large size of a debtor and the consequent difficulty in formulating a plan of reorganization for a huge debtor with a complex financial structure are important factors which generally constitute cause for extending the exclusivity periods.").

13. Here, the Debtors submit that sufficient "cause" exists pursuant to section 1121(d) of the Bankruptcy Code to extend the Exclusivity Periods as provided herein.

**A.      The Debtors' Chapter 11 Cases Are Large and Complex.**

14. Courts have acknowledged that the size and complexity of a debtor's case alone may provide cause for extending a debtor's exclusivity periods. *See, e.g., Express One*, 194 B.R. 98, 100 (Bankr. E.D. Tex. (1996) (approving debtor's third exclusivity extension and noting that "the traditional ground for cause is the large size of the debtor and the concomitant difficulty in formulating a plan of reorganization"); *see also, e.g., In re Energy Future Holdings Corp.*, No. 14-10979 (CSS) (Bankr. D. Del.), Hr'g Tr. Sept. 16, 2014, 73:10–17 (granting debtors' six-month extension in "an extremely complex case" with "a lot of things that are moving" and where the debtors have "a long way to go in order to get to a plan of reorganization that is hopefully confirmable whether on a global basis or in pieces"); *In re Cengage Learning, Inc.*, No. 13-44106

7

(ESS) (Bankr. E.D.N.Y.), Hr'g Tr. Oct. 25, 2013, 59:4–14 (granting debtors' first request for extension in a case of "substantial size and complexity" where, among other things, the debtors had $5.8 billion in debt and nearly 5,000 employees); *In re MSR Resort Golf Course LLC*, No. 11-10372 (SHL) (Bankr. S.D.N.Y.), Hr'g Tr. Nov. 3, 2011, 376:13–20 (granting debtors' second request for extension where "[t]he debtors have large and complex cases" involving over $2 billion in consolidated assets, $1.5 billion in secured debt, thirty debtors, and five large and complicated businesses).

15. These chapter 11 cases are extremely complex. While the Debtors own and operate valuable coal assets, the constant competition for talented labor, one-off operational challenges, and an overleveraged balance sheet have presented challenges greater than the Debtors' approximately $270 million in funded debt implies.

16. These chapter 11 cases also include a number of stakeholder groups that have organized, each of which has engaged their own legal counsel and, in some cases, financial advisors. In addition to the Committee, the United Mine Workers of America (the "UMWA") and the United Mine Workers of America 1974 Pension Plan and Trust, United Mine Workers of America 1993 Benefit Plan, and the United Mine Workers of America Cash Deferred Savings Plan of 1988 (together the "UMWA Funds"), have engaged legal counsel, the DIP Lenders have engaged both legal counsel and a financial advisor, and Mission Coal Funding, LLC ("MCF"), the holder of the Debtors' prepetition second lien debt, has engaged legal counsel and a financial adviser and each of the parties subject to the Debtors' and Committee's investigation have engaged legal counsel.

8

**B.     The Debtors Have Made Significant Progress in Negotiating in Good Faith with Creditors and Administering These Chapter 11 Cases.**

17. Since the Commencement Date, the Debtors have made significant progress in negotiating with their stakeholders and administering these chapter 11 cases, which further warrants an extension of the Exclusivity Periods because the Debtors:  (a) gained final approval of the DIP Facility; (b) obtained approval of the Bidding Procedures;[5] (c) filed both the Plan and Disclosure Statement; (d) engaged with sureties, environmental regulators, and other constituencies regarding the Debtors' sale and plan processes; and (e) continued to negotiate with both the UMWA and UMWA Funds regarding legacy liabilities, among other things.  Finally, the Debtors:  (a) obtained first-day and second-day relief, established the claims bar dates, retained ordinary course professionals, and established interim compensation procedures; (b) engaged with the Committee regarding its independent investigation of the Debtors, which has included the exchange of documents; (c) filed schedules of assets and liabilities and statements of financial affairs; and (d) secured Court approval of the key employee retention program.

18. The Debtors' efforts to promote consensus whenever possible further support the extension of the Exclusivity Periods, as the Debtors have every intention of building consensus as they foster support for the Plan.  *See In re MSR Resort Golf Course LLC*, No. 11-10372 (SHL) (Bankr. S.D.N.Y.), Hr'g Tr. Nov. 3, 2011, 377:2‒8 (granting debtors' second exclusivity extension based, in part, on compromises reached between the debtors and their stakeholders and concluding that the debtors' "good-faith progress is also evidenced by these settlements, which evidence . . . progress in trying to reach some consensus on the end game strategy in these cases,

---

5    See *Order (I) Approving Bidding Procedures for the Sale of the Debtors' Assets, (II) Scheduling Hearings and Objection Deadlines with Respect to the Sale, (III) Scheduling Bid Deadlines and an Auction, (IV) Approving the Form and Manner of Notice Thereof, (V) Approving Contract Assumption and Assignment Procedures, and (VI) Granting Related Relief* [Docket No. 490] (the "Bidding Procedures Order").

9

and the timing for such a strategy"); *In re Tribune Co.*, No. 08-13141 (KJC) (Bankr. D. Del.), Hr'g Tr. Dec. 7, 2009, 70:2–4 (extending exclusivity based, in part, on the fact that "there are ongoing discussions, which may or may not result in a global resolution").

19. The Debtors will use these extended Exclusivity Periods to build further consensus for their sale and plan processes. The Debtors look forward to continuing to work with each stakeholder in an effort to make such processes as consensual as possible. Accordingly, the Debtors' efforts and the progress in these chapter 11 cases serve as further support for extending the Exclusivity Periods as requested herein.

**C.     Extending the Exclusivity Periods Is Required to Resolve Certain Contingencies.**

20. On January 2, 2019, the Debtors filed a Disclosure Statement proposing a Plan of Reorganization with a confirmation date of March 20, 2019. Confirmation of the Plan will be dependent on, among other things, the selection of a successful bidder at an auction for substantially all of the Debtors' assets. Such auction is not scheduled to occur until after the expiration of the current Exclusivity Periods. Further, absent a negotiated settlement, resolution of the Debtors' independent investigation, which informs the sale and plan process, will not conclude until after the expiration of the current Exclusivity Periods. The Debtors plan to use an extended exclusivity period, should the Court grant one, to continue these efforts.

21. Courts have recognized that the need to resolve important contingencies justifies extending exclusivity periods. *See, e.g.*, *In re Energy Future Holdings Corp.*, No. 14-10979 (CSS) (Bankr. D. Del.), Hr'g Tr. Sept. 16, 2014, 73:5–19 (extending exclusivity to allow the process to play out with respect to various outstanding issues); *In re Cengage Learning, Inc.*, No. 13-44106 (ESS) (Bankr. E.D.N.Y.), Hr'g Tr. Oct. 25, 2013, 46–51 (extending exclusivity to allow completion of plan mediation); *In re Corus Bankshares, Inc.*, No. 10-26881 (PSH) (Bankr. N.D.

Ill.), Hr'g Tr. Sept. 23, 2010, 34:7–24 (extending exclusivity to resolve ambiguities in tax law that could substantially affect the restructuring). Therefore, the need to resolve the foregoing contingent issues also merits the requested relief.

**D.** **The Debtors Are Paying Their Bills as They Come Due.**

22. Since the Commencement Date, the Debtors have paid their debts in the ordinary course of business or as otherwise provided by Court order and have secured final approval of the DIP Facility. The Debtors will continue to pay their bills in the ordinary course as they become due and owing.

**E.** **Although Significant Progress Has Been Made, the Debtors Have Only Been in Chapter 11 for Roughly Three Months.**

23. The Debtors' request for an extension of the Exclusivity Periods is the Debtors' first such request and comes approximately three months after the Commencement Date. As discussed above, during the pendency of these cases, the Debtors have made significant efforts to bring stability to their operations. The Debtors seek the extension of the Exclusivity Periods contemplated herein to conclude their discussions with the Committee, the UMWA, the UMWA Funds, MCF, and the DIP Lenders, foster consensus around key case issues, and proceed toward consummation of a sale transaction and confirmation of the Plan in an efficient, organized manner. Courts routinely grant a debtor's request for an initial exclusivity extension, particularly for a period of 90 days. *See, e.g.*, *In re Walter Energy, Inc*., Case No. 15-02741 (TOM) (Bankr. N.D. Ala. July 15, 2015) (exclusivity extended approximately 120 days); *In re Dixie Pellets, LLC*, Case No. 09-05411 (TOM) (Bankr. N.D. Ala. Sept. 16, 2009) (exclusivity extended over 60 days); *In re Bill Heard Enters*., *Inc.*, Case No. 08-83029 (JAC) (Bankr. N.D. Ala. June 16, 2009) (extending exclusivity period approximately 150 days); *In re Seadrill Ltd*., No. 17-60079 (Bankr. S.D. Tex. January 8, 2018) (granting an initial exclusivity extension of 180 days); *In re GenOn Energy, Inc*.,

Case 18-04177-TOM11    Doc 555    Filed 01/16/19    Entered 01/16/19 22:14:25    Desc
Main Document      Page 14 of 21

No. 17-33695 (Bankr. S.D. Tex. Oct. 3, 2017). The size and complexity of these chapter 11 cases supports the extension of the Exclusivity Periods.

<u>**Waiver of Bankruptcy Rule 6004(a) and 6004(h)**</u>

24. To successfully implement the foregoing, the Debtors request that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtors have established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

<u>**Notice**</u>

25. The Debtors will provide notice of this Motion to: (a) the Office of the Bankruptcy Administrator for the Northern District of Alabama; (b) counsel to the official committee of unsecured creditors; (c) counsel to the agent under the Debtors' proposed debtor-in-possession credit agreement; (d) counsel to the agent under the Debtors' prepetition first-lien credit agreement; (e) counsel to the lenders under the Debtors' debtor-in-possession credit agreement and prepetition first-lien credit agreement; (f) counsel to Mission Coal Funding, LLC, in its capacity as the lender under the Debtors' prepetition second-lien credit agreement; (g) the United States Attorney's Office for the Northern District of Alabama; (h) the Internal Revenue Service; (i) the Environmental Protection Agency; (j) the office of the attorneys general for the states in which the Debtors operate; (k) the Securities and Exchange Commission; (l) the Pension Benefit Guarantee Corporation; (m) the United Mine Workers of America; (n) the United Mine Workers of America Pension Plan; and (o) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

12

## **No Prior Request**

26. No prior request for the relief sought in this Motion has been made to this or any other court.

[*Remainder of page intentionally left blank*]

13

WHEREFORE, the Debtors respectfully request that the Court enter the Order, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Birmingham, Alabama
Dated:  January 16, 2019

/s/ Daniel D. Sparks
Daniel D. Sparks
Bill D. Bensinger
**CHRISTIAN & SMALL LLP**
505 North 20th Street, Suite 1800
Birmingham, Alabama 35203
Telephone:     (205) 795-6588
Facsimile:     (205) 328-7234
Email:          ddsparks@csattorneys.com
                   bdbensinger@csattorneys.com

- and -

James H.M. Sprayregen, P.C.
Brad Weiland (admitted *pro hac vice*)
Melissa N. Koss (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200
Email:          james.sprayregen@kirkland.com
                   brad.weiland@kirkland.com
                   melissa.koss@kirkland.com

- and -

Stephen E. Hessler, P.C. (admitted *pro hac vice*)
Ciara Foster (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900
Email:          stephen.hessler@kirkland.com
                   ciara.foster@kirkland.com

*Co-Counsel to the Debtors*

**Exhibit A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

|   |   |   |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| MISSION COAL COMPANY, LLC, *et al.*,[1] | ) | Case No. 18-04177-TOM11 |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |
|  | ) | **Re: Docket No. __** |

**ORDER EXTENDING THE DEBTORS' EXCLUSIVE PERIODS**
**TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES**
**THEREOF PURSUANT TO SECTION 1121 OF THE BANKRUPTCY CODE**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), extending the Debtors' Filing Exclusivity Period through and including May 12, 2019, and the Debtors' Soliciting Exclusivity Period through and including July 11, 2019, without prejudice to the Debtors' right to seek further extensions to the Exclusivity Periods, as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *General Order of Reference* from the United States District Court for the Northern District of Alabama, dated July 16, 1984, as amended July 17, 1984; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Mission Coal Company, LLC (8465); Beard Pinnacle, LLC (0637); Oak Grove Land Company, LLC (6068); Oak Grove Resources, LLC (0300); Pinnacle Land Company, LLC (6070); Pinnacle Mining Company, LLC (7780); Seminole Alabama Mining Complex, LLC (6631); Seminole Coal Resources, LLC (1795); Seminole West Virginia Mining Complex, LLC (7858); Seneca Coal Resources, LLC (1816); and Seneca North American Coal, LLC (5102). The location of the Debtors' service address is: 7 Sheridan Square, Suite 300, Kingsport, Tennessee 37660.

[2]  Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      Pursuant to section 1121(d) of the Bankruptcy Code, the Filing Exclusivity Period is hereby extended through and including May 12, 2019, and the Soliciting Exclusivity Period is hereby extended through and including July 11, 2019.

3.      Nothing herein shall prejudice the Debtors' rights to seek further extensions of the Exclusivity Periods consistent with section 1121(d) of the Bankruptcy Code or the rights of any party in interest to object to any further extension requests.

4.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) are satisfied by such notice.

5.      The terms and conditions of this Order are immediately effective and enforceable upon its entry.

6.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

7. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2019
Birmingham, Alabama

_____
THE HONORABLE TAMARA O. MITCHELL
UNITED STATES BANKRUPTCY JUDGE

3