**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| MISSION COAL COMPANY, LLC, et al., | ) | CASE NUMBER 18-04177 TOM |
| | ) | |
| DEBTOR (JOINTLY ADMINISTERED). | ) | CHAPTER 11 PROCEEDING |

---

## MOTION TO STAY PENDING APPEAL

---

**COME NOW,** JoAnn Waid, Lennis L. Waid and other Waid Claimants (hereinafter the "Waid Claimants" or "Appelants") and move this Court for the entry of an Order staying the affect of (A) The Order (I) Approving the Sale of the Acquired Assets Free and Clear of Claims, Liens, Interests and Encumbrances; (II) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (III) Granting Related Relief [Doc 1322]; and (B) Order Confirming the Fourth Amended Chapter 11 Plan of Mission Coal Company, LLC, and Certain of its Debtor Affiliates [Doc 1324], and in support thereof submit the following:

1.      The Waid Claimants seek a stay of the Order Approving the Sale and the Order Confirming the Fourth Amended Chapter 11 Plan to the extent that those Orders affect the substantive rights of the Waid Claimants, including any attempt to sell the subject property free and clear of the right of the Waid Claimants to revoke the Easements referred to in the Order Approving the Sale. The property cannot legally be sold free and clear of their property rights. The Waid Claimants assert that the right to revoke an easement on their real property is their property right and that they cannot be deprived of their property right without just

compensation as provided in the Amended Final Order entered by the State Court and the Settlement Agreement approved by that State Court Order. The Waid Claimants submit that the stay should be granted without a bond. No monetary judgment has been entered against the Waid Claimants.

2.     The only property rights being affected by the Orders is the Waid Claimants' property. The Waid Claimants should not be required to post a bond to protect their property interests.

3.     The balance owed on the Waid Claimants' claim is a small fraction of the total consideration being paid on the sale and will not impair the sale, despite the Debtors' and Purchasers' protestation to the contrary.

4.     The stay should be granted without bond, because the Court has determined the substantive rights of the Waid Claimants, prior to making a determination as to whether the Court has subject matter jurisdiction to make a ruling adversely affecting those rights, including, but not limited, their non-monetary rights to revoke the Easements under the Settlement Agreement and the Amended Final Order entered by the State Court and their monetary rights to be paid for the Easements.

5.     The Waid Claimants submit that they have a good likelihood of prevailing on appeal, due to the fact that the Order Approving the Sale and the Order Confirming the Plan take the Waid Claimants' property, the right to be paid for, or revoke, an easement on their property constituting an encumbrance upon the Waid Claimants' real estate, without compensating the Waid Claimants for the taking of an interest in their property.

6.     The only irreparable injury that could possibly be suffered will be suffered by the Waid Claimants, if their property is taken.

7.     No real or substantial harm will occur to the Debtors or the Purchasers, due to the relatively insignificantly amount due and owing for the Easements in comparison to the total consideration being paid for the purchase. In reviewing the Schedules filed in this Case by the Debtors, the Waid Claimants were not able to locate where the Debtors listed the Easements as an asset and where the Debtors' listed a value for the Easements as an asset, as required by 11 U.S.C. §521 and Bankruptcy Rule 1007. Therefore, the Debtors apparently place no value on the Easements.

8.     It is not in the public interest to allow property to be taken without compensation by use of the Bankruptcy Code.

9.     A stay pending appeal will not diminish the value of the Estate.

10.    Given that the Waid Claimants' property rights are the only property rights being affected by the Appeal and the stay, there is no good reason to require the posting of the bond. Furthermore, extraordinary circumstances exist in this case due to the fact that the Waid Claimants are being deprived of their property without just compensation and they are being deprived of that property prior to a ruling on whether the Court has jurisdiction to make a ruling affecting the Waid Claimants' property rights.

11.    A bond for stay pending appeal should not be a pre-requisite to the Waid Claimants' rights to appeal. The Debtors will assert that the Appeal will become equitably moot at some point in an effort to deprive the Waid Claimants of their right to appeal. Although the

Waid Claimants submit that equitable mootness does not apply in these circumstances, the Waid Claimants will face that argument.

   **WHEREFORE, PREMISES CONSIDERED,** the Waid Claimants move this Court for the entry of an Order granting a stay of any sale or proceedings that would affect the Waid Claimants' rights pursuant to Bankruptcy Rule 8007, and to order that stay to be in effect without the necessity of the Waid Claimants posting a bond, and for such other and further relief to which they may be entited.

   Respectfully submitted on April 26, 2019.


                                                    /s/ Walter F. McArdle
                                                    Walter F. McArdle
                                                    Attorney for JoAnn Waid, et al.

**OF COUNSEL:**
SPAIN & GILLON, LLC
505 North 20th Street
Suite 1200, The Financial Center
Birmingham, Alabama 35203
Telephone: 205.581.6295
Email: wmcardle@spain-gillon.com


                        **CERTIFICATE  OF SERVICE**

   I hereby certify that a copy of the above and foregoing has been electronically filed with the Court and serve via the Court's CM/ECF system on April 26, 2019.


                                                    /s/ Walter F. McArdle
                                                    OF COUNSEL