UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| In re: <br><br> MISSION COAL COMPANY, LLC, *et al.*,[1] <br><br> Debtors. | Chapter 11 <br> Case No. 18-04177-TOM11 <br><br> (Jointly Administered) |

### EMERGENCY MOTION TO ALTER AND AMEND

COMES NOW, the United Mine Workers of America ("UMWA"), by and through counsel, and submits this Emergency Motion Alter and Amend (the "Emergency Motion"). In support of the Emergency Motion, the UMWA respectfully states as follows:

1. Previously, this Court entered its Order Confirming the Fourth Amended Joint Chapter 11 Plan of Mission Coal Company, LLC and Certain of its Debtor Affiliates [Dkt. No. 1324] (the "Confirmation Order").

2. By this Emergency Motion, the UMWA and the Maple/Oak Grove Buyer seek the entry of an order further clarifying the Confirmation Order to address certain specific terms related solely to the UMWA and the Maple/Oak Grove Buyer.

### LEGAL BACKGROUND

3. Federal Rule of Civil Procedure 60(b) is made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 9024 and provides that a party may be

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Mission Coal Company, LLC (8465); Beard Pinnacle, LLC (0637); Oak Grove Land Company, LLC (6068); Oak Grove Resources, LLC (0300); Pinnacle Land Company, LLC (6070); Pinnacle Mining Company, LLC (7780); Seminole Alabama Mining Complex, LLC (6631); Seminole Coal Resources, LLC (1795); Seminole West Virginia Mining Complex, LLC (7858); Seneca Coal Resources, LLC (1816); and Seneca North American Coal, LLC (5102). The location of the Debtors' service address is: 7 Sheridan Square, Suite 300, Kingsport, Tennessee 37660.

relieved from a final judgment or order for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6); Fed. R. Bankr. P. 9024; *In re Diamond*, 698 F. App'x 571, 573 (11th Cir. 2017). "The goal of the provisions is to correct errors of law or misapprehensions of fact." *In re Davis*, No. 13-40938-JJR7, 2015 WL 2208373, at *2 (Bankr. N.D. Ala. May 8, 2015) (citing *Futures Trading Comm'n v. Am. Commodities Group,* 753 F.2d 862, 866 (11th Cir. 1984)). Like any other final judgment, a confirmation order may be altered, amended, or nullified under Rule 60. *In re Cook*, 205 B.R. 617, 625 (Bankr. N.D. Ala. 1996) ("Rules 9023 and 9024 allow the Court to alter, amend, vacate, or relieve parties from the effect of judgments and orders, including confirmation orders, where sufficient cause is shown."); *In re Lee*, 189 B.R. 692, 694 (Bankr. M.D. Tenn. 1995) (same).

4. In this Emergency Motion, the UMWA seeks relief and clarification of the Confirmation Order in order to implement the bargained for agreement that took place prior to the Effective Date of the Plan.

## ARGUMENT

5. A material aspect of the agreement between the UMWA, Maple/Oak Grove Buyer and the DIP Lenders, included provisions regarding a new collective bargaining agreement ("New CBA") with the UMWA. Attached hereto as Exhibit A is a copy of the New CBA.

6. A material aspect of the New CBA is a specific provision that requires employer payments to a Voluntary Employees' Benefit Association ("VEBA") established by the UMWA to pay for certain retiree benefits to former employees of the Oak Grove facility and their beneficiaries. The VEBA to which these amounts are required to be paid was established to provide benefits to retirees of certain bankrupt coal companies and has previously been recognized through an act of Congress. *See* Section 402(h)(2)(C)(iv), (v) of the Surface Mining Control and Reclamation Act of 1977, *as amended*, 30 U.S.C. § 1232(h)(2)(C)(iv), (v). The VEBA is required

to comply with the requirements of § 501(c)(9) and other applicable provisions of the Internal Revenue Code of 1986, as amended (the "Code") and the applicable provisions of the Employee Retirement Income Security Act of 1974, as amended ("ERISA").

7. The New CBA further provides that the Maple/Oak Grove Buyer shall make periodic payments, up to a total amount not to exceed $3,000,000.00 to the VEBA trust pursuant to the New CBA. If Legislation is passed covering these retiree benefits, the Maple/Oak Grove Buyer shall cease making any further periodic payments (even if its payments do not exceed $3,000,000) and previous payments into the VEBA shall continue to be used by the VEBA for retiree benefits. In order for the Maple/Oak Grove Buyer to lawfully make these payments, however, such payments must be authorized by order of the Court pursuant to Section 302(c)(2) of the Labor Management Relations Act of 1947, *as amended,* 29 U.S.C. § 186(c)(2). Consequently, Court approval is necessary to effectuate the payments.

8. Due to the lack of payment, retirees, and their beneficiaries, of the Debtors' Oak Grove facility are currently without any healthcare benefits. The Maple/Oak Grove Buyer and the UMWA constructively and consensually negotiated provisions that provided these benefits prior to the Effective Date of the Plan in order to be able to assure continuous healthcare coverage to this sensitive population consisting of retired coal miners and their dependents.

9. Despite repeated requests of the Debtors to file and support a settlement or clarification of this Court's prior orders in order to authorize the payments to the VEBA, the Debtors have refused such requests.

10. In order to ensure the validity of the contemplated VEBA payments, the Maple/Oak Grove Buyer and the UMWA respectfully request this Court to modify the Confirmation Order.

3

11. Generally, this Court has provided authority for the Maple/Oak Grove Buyer to take necessary steps to effectuate the sale and Plan. Specifically, this Court in paragraph 45 of the Confirmation Order states as follows:

> "The corporate structure of the Successful Bidder for the Oak Grove Mining Complex and the Maple Eagle Mining Complex (the "Maple/Oak Grove Buyer"), its two direct subsidiary holding companies, Murray Alabama Coal, LLC and Murray Eagle Mining, LLC and their three direct operating subsidiaries, Murray Oak Grove, LLC, Murray Maple Eagle Coal, LLC and Maple Alabama Minerals (the "Winning Bidder Corporate Structure") has been structured in good faith, and the Winning Bidder Corporate Structure and all steps taken by the Maple/Oak Grove Buyer and the DIP Lenders in furtherance thereof, is in compliance with the Bankruptcy Code and all applicable law. Upon the closing of the Sale Transaction to the Maple/Oak Grove Buyer (i) the corporate governance terms of the Winning Bidder Corporate Structure, (ii) the liens securing the Non-Cash Consideration and (iii) **all other steps taken by the Maple/Oak Grove Buyer and the DIP Lenders in furtherance thereof and the Sale Transaction are valid, binding, enforceable, and in full force and effect**."
> (emphasis added)

12. In order to protect both the Maple/Oak Grove Buyer and the UMWA from potential adverse consequences arising under the Code and ERISA, the parties respectfully request the emergency modification/clarification of its Confirmation Order.

13. The parties request that paragraph 45 of the Court's order be modified to provide:

> For purposes of clarification, in furtherance of steps taken by the Maple/Oak Grove Buyer as part of the Sale Transaction, any payments made by the Maple/Oak Grove Buyer for retiree benefits to certain UMWA beneficiaries is pursuant and authorized by §302(c)(2) of the Labor Management Relations Act of 1947, as amended ("LMRA").

14. This clarification/modification will have no adverse impact on the Debtors, the DIP Lenders, or any other creditors or parties-in-interest. It simply and specifically provides an authorization necessary under provisions of the Code, ERISA, and the LMRA. By contrast, if this

clarification/modification is not approved, it will effectively negate a material term of the agreement between the Murray/Oak Grove Buyer and the UMWA, which will jeopardize such Buyer's ability to provide a substantial portion of the consideration referenced in paragraph 46 of the Court's order.

15. It is critically necessary that this issue be immediately resolved. Absent this modification, retirees are going without needed healthcare coverage and the parties will not be able to implement the terms of the New CBA. The failure of the New CBA could unravel and undermine the arrangements that resolved this matter causing harm not only to the retirees who are not being provided with healthcare but all of the parties who have an interest in the successful conclusion of this proceeding.

16. The Maple/Oak Grove Buyer supports and joins in the relief sought in this Emergency Motion.

## **CONCLUSION**

WHEREFORE, based upon the foregoing, the UMWA respectfully requests entry of an order consistent with this Emergency Motion and for such further and additional relief as the Court may deem appropriate.

Respectfully submitted,

/s/ *R. Scott Williams*

R. Scott Williams
Robert H. Adams
Frederick D. Clarke, III
RUMBERGER, KIRK & CALDWELL, PC
2001 Park Place North, Suite 1300
Birmingham, Alabama 35203
Telephone: 205.327.5550
Facsimile: 205.326.6786
Email: swilliams@rumberger.com
radams@rumberger.com
fclarke@rumberger.com

*Counsel for the United Mine Workers of America*

## CERTIFICATE OF SERVICE

I hereby certify that on May 3, 2019, a true and correct copy of the foregoing was served via this Court's CM/ECF Noticing System on all parties receiving electronic notices in this bankruptcy case.

/s/ *R. Scott Williams*
Of Counsel

6

12307363.v2

Case 18-04177-TOM11   Doc 1385   Filed 05/03/19   Entered 05/03/19 15:58:40   Desc
Main Document   Page 6 of 6