IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| MISSION COAL WIND DOWN CO., LLC, | ) ) ) | Case No. 18-04177-TOM11 |
| | ) | Chapter 11 |
| Debtor. | ) ) | |
| GILBERT NATHAN, solely in his capacity as Plan Administrator, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Adv. Proc. No. _____ |
| | ) | |
| JOY GLOBAL UNDERGROUND MINING, LLC, | ) ) ) | |
| Defendant. | ) | |

**CORRECTED**
**COMPLAINT FOR TURNOVER OF PROPERTY OF THE ESTATE**

Gilbert Nathan, solely in his capacity as Plan Administrator (the "**Plaintiff**") pursuant to that certain *Fourth Amended Joint Chapter 11 Plan of Mission Coal Company, LLC and Certain of Its Debtor Affiliates* [Docket No. 1310] (with all supplements and exhibits thereto, the "**Plan**") states as follows for his complaint against Joy Global Underground Mining, LLC (the "**Defendant**"):

**Parties**

1. The Plaintiff is the Plan Administrator as provided for in the Plan.

2. The Defendant is a limited liability company organized and existing pursuant to the laws of the State of Delaware and is authorized to do business in the State of Alabama.

## Jurisdiction and Venue

3. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 157 and 1334(b).

4. This adversary proceeding is a core proceeding under 28 U.S.C. § 157.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1409, in that suit has been commenced in the district where the bankruptcy case is pending.

## Factual Allegations

6. On October 14, 2018 (the "**Petition Date**"), Mission Coal Company, LLC (the "**Debtor**") commenced its bankruptcy case by filing a voluntary petition pursuant to chapter 11, title 11, United States Code, 11 U.S.C. § 101, *et seq*. (the "**Bankruptcy Code**").

7. On January 17, 2019, the Defendant filed its claim as Claim No. 104 on the Debtor's Claims Docket, in the amount of $318,377.00 (the "**Claim**").

8. As part of the Claim, the Defendant asserted a section 503(b)(9) claim in the amount of $252,123.00 (the "**Admin Claim**").

9. The majority of the Admin Claim was not for goods, but rather, were for repair services that the Defendant provided to the Plaintiff.

10. On April 15, 2019, the Court entered an order [Docket No. 1324] (the "**Confirmation Order**") confirming the Plan.

11. On or about April 29, 2019, the Debtor paid the Admin Claim to the Defendant (the "**Admin Claim Payment**").

12. The Plan Effective Date, as defined in the Plan, was April 30, 2019.

## Count I
## Avoidance of Postpetition Transaction

13. The Plaintiff incorporates by reference the allegations set forth above as if set forth fully herein.

14. The Admin Claim was primarily for repair services that the Defendant provided to the Debtor in the 20 days prior to the Petition Date.

15. The Admin Claim was not entitled to administrative expense priority because the Admin Claim was not for goods as required by 11 U.S.C. § 503(b)(9).

16. The Debtor made the Admin Claim Payment and the funds for the Admin Claim Payment were estate property.

17. The Debtor was not authorized under the Bankruptcy Code or by the Court to make the Admin Claim Payment.

18. Accordingly, the Plaintiff demands judgment against the Defendant for an unauthorized postpetition transaction pursuant to 11 U.S.C. § 549(a)(2) in the amount of $252,123.00.

## Count II
## Equitable Recovery of Postpetition Transaction

19. The Plaintiff incorporates by reference the allegations set forth above as if set forth fully herein.

20. The Plaintiff is entitled to avoid the Admin Claim Payment pursuant to 11 U.S.C. § 549(a)(2).

21. The Defendant was the initial transferee of the Admin Claim Payment.

22. Accordingly, the Plaintiff demands recovery from the Defendant for the Admin Claim Payment pursuant to 11 U.S.C. § 550(a)(1).

## Count III
## Equitable Recovery of Transfer

23. The Plaintiff incorporates by reference the allegations set forth above as if set forth fully herein.

24. The Admin Claim was primarily for repair services that the Defendant provided to the Debtor in the 20 days prior to the Petition Date.

25. The Admin Claim was not entitled to administrative expense priority because the Admin Claim was not for goods as required by 11 U.S.C. § 503(b)(9).

26. The Debtor made the Admin Claim Payment and the funds for the Admin Claim Payment were estate property.

27. The Admin Claim Payment allowed the Defendant to recover more on its Claim than similarly situated creditors.

28. Accordingly, the Plaintiff demands avoidance and recovery from the Defendant for the Admin Claim Payment pursuant to 11 U.S.C. § 105.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully requests that the Court:

A. Grant a judgment in favor of the Plaintiff and against the Defendant for avoidance of the Admin Claim Payment in the amount of $252,123.00;

B. Grant a judgment in favor of the Plaintiff and against the Defendant for recovery of the Admin Claim Payment in the amount of $252,123.00;

C. Grant a judgment in favor of the Plaintiff and against the Defendant for avoidance and recovery of the Admin Claim Payment in the amount of $252,123.00;

D. Grant Plaintiff such other, further and different relief as to which this Court may find it is entitled under the premises.

/s/ Bill D. Bensinger
BILL D. BENSINGER

Attorney for Gilbert Nathan, solely in his capacity as Plan Administrator

OF COUNSEL:

CHRISTIAN & SMALL, LLP
1800 Financial Center
505 North 20th Street
Birmingham, Alabama 35203
Tel: 205-250-6626
Email: bdbensinger@csattorneys.com

[020813-00004/1504370/1]

**PLEASE SERVE THE FOLLOWING DEFENDANT BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED, RESTRICTED DELIVERY, AS FOLLOWS:**

Joy Global Underground Mining, LLC
40 Pennwood Place
Suite 100
Warrendale, PA 15086

Joy Global Underground Mining, LLC
c/o Richard J. Parks, Esq.
7 West State Street
Suite 100
Sharon, PA 16146

Joy Global Underground Mining, LLC
CT Corporation System
2 North Jackson Street
Suite 605
Montgomery, AL 36104